Richard Gerald JORDAN,
Petitioner-Appellant,

v.

Morris L. THIGPEN, Commissioner, Mississippi Department of Corrections et al., Respondents-Appellees.

No. 81–4172.

United States Court of Appeals,
Fifth Circuit.

Oct. 7, 1982.

Wilmer, Cutler & Pickering, James T. Kilbreth, III, Washington, D. C., Joseph P.

Hudson, Gulfport, Miss., Timothy N. Black, Washington, D. C., Judith A. Reed, New York City, Levi & Denham, Earl L. Denham, Ocean Springs, Miss., for petitioner-appellant.

William S. Boyd, III, Sp. Asst. Atty. Gen., Jackson, Miss., for respondents-appellees.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion August 6, 1982, 5 Cir., 1982, 681 F.2d 1067).

Before BROWN and RANDALL, Circuit Judges, and DUPLANTIER *, District Judge.

### PER CURIAM:

The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16) the Suggestion for Rehearing En Banc is DENIED.

The petition for panel rehearing and suggestion for rehearing en banc filed by the Respondents-Appellees (the "State") argues that the panel has misconstrued *Jackson v. State*, 337 So.2d 1242 (Miss.1976), and the instructions given the jury during the sentencing phase of Petitioner-Appellant's trial in holding that such instructions failed to "channel the sentencer's discretion by 'clear and objective standards'" and did not "provide 'specific and detailed guidance'" as mandated by *Godfrey v. Georgia*, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980). Specifically, the State argues that it has understood *Jackson* to have restricted and thereby defined the aggravating circumstances to the statutory offense committed by a defendant and the defendant's prior record of criminal convictions. So under-

stood, the State argues, the Mississippi capital sentencing scheme, as construed by the Mississippi Supreme Court in *Jackson*, is closely akin, if not identical, to the Texas capital sentencing scheme found by the Supreme Court of the United States in *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976), to be constitutional.

There is no question but that the Mississippi Supreme Court, in reformulating Mississippi's capital sentencing procedures in *Jackson*, relied heavily upon *Jurek*. But the procedures formulated in *Jackson, as applied in Petitioner's trial*, are not the same as the Texas capital sentencing procedures found to be constitutional in *Jurek*, and the difference between them underlies the panel's remand with instructions to issue the writ.

In *Jurek*, the Supreme Court noted that "[w]hile Texas has not adopted a list of statutory aggravating circumstances the existence of which can justify the imposition of the death penalty as have Georgia and Florida, its action in narrowing the categories of murders for which a death sentence may ever be imposed serves much the same purpose. *See McGautha v. California*, 402 U.S. 183, 206 n.16 [91 S.Ct. 1454, 1466 n.16, 28 L.Ed.2d 711] (1971); Model Penal Code § 201.6, Comment 3, pp. 71–72 (Tent. Draft No. 9, 1959). In fact, each of the five classes of murders made capital by the Texas statute is encompassed in Georgia and Florida by one or more of their aggravating circumstances. . . . Thus, in essence, the Texas statute requires that the jury find the existence of a statutory aggravating circumstance before the death penalty may be imposed. So far as consideration of aggravating circumstances is concerned, therefore, the principal difference between Texas and the other two States is that the death penalty is an available sentencing option—even potentially—for a smaller class of murders in Texas. Otherwise, the statutes are similar. Each requires the sentencing authority to focus on the particularized nature of the crime.

* District Judge of the Eastern District of Louisiana, sitting by designation.

*Jurek*, 428 U.S. at 270–71, 96 S.Ct. at 2955. Focusing on that language in *Jurek*, the Mississippi Supreme Court in *Jackson* held that the State of Mississippi had a similar statutory scheme:

> Although Mississippi has not adopted a list of statutory aggravating circumstances the existence of which can justify the imposition of the death penalty as have Georgia and Florida, its action in narrowing the categories of instances for which a death sentence may ever be imposed serves the same purpose just as it did in Texas. In essence, the Mississippi statutes require that the jury find the existence of a statutory aggravating circumstance before the death penalty may be imposed.

*Jackson*, 337 So.2d at 1254. But, as noted in the panel opinion (681 F.2d at 1077), the Mississippi Court then went on to set forth the rules and guidelines to be applied at the sentencing hearing. *Id.* at 1256. Although the opinion may be read, as the State argues, to limit the aggravating circumstances which the jury is permitted to consider to proof of the statutory elements of the capital offense with which the accused is charged and proof of the accused's prior criminal convictions, the following paragraph in *Jackson* is ambiguous and created an ambiguity in the jury instructions given in Petitioner's case:

> Proof beyond a reasonable doubt of the statutory elements of the capital offense with which the accused is charged shall constitute sufficient circumstance to authorize imposition of the penalty of death unless the mitigating circumstances shown by the evidence outweigh the aggravating circumstances.

*Id.* at 1256. The ambiguity created by that paragraph stems from the fact that unless the jury is instructed that the only aggravating circumstances that it is allowed to consider are the statutory elements of the offense with which the accused is charged, it could fairly read an instruction which tracks the language of that paragraph (as did an instruction in this case) to permit it to consider other unspecified aggravating circumstances once it has found proof beyond a reasonable doubt of the statutory elements of the offense with which the accused is charged (and is therefore entitled to consider the death penalty). As stated in the panel opinion, there is nothing in the jury instruction based on this paragraph to prevent the jury from considering any number of potentially arbitrary and irrelevant unspecified factors. That flaw in the instruction was exacerbated in this case by the prosecutor's argument to the jury, quoted in the panel opinion, that "each of you have to determine what is an aggravating circumstance," a statement which the trial judge did nothing to correct. This is, indeed, the "standardless and unchanneled imposition of [the death penalty] in the uncontrolled discretion of a basically uninstructed jury." *Godfrey v. Georgia*, 446 U.S. 420, 428, 100 S.Ct. 1759, 1764, 64 L.Ed.2d 398 (1980).

By contrast, the only potential aggravating circumstances to be considered by Texas juries which are discussed by the Court in *Jurek* are the five classes of murders made capital by the Texas statute. There is no support in *Jurek* for the proposition that each member of a Texas jury, which has found the defendant guilty of a murder falling into one of those classes, could decide for himself or herself what is an aggravating circumstance in addition to the fact that the defendant has been found guilty of a capital crime. The State argues that if, under Texas law, the statutory offense is sufficient to constitute the aggravating circumstance, the same should hold true for Mississippi. This argument misses the point. Proof of guilt of the statutory offense may well have been a sufficient and constitutional basis on which to assess the death penalty if the jury had been limited to that proof. But not only was the consideration by the Petitioner's jury of aggravating circumstances not so limited; each juror was invited to decide for himself or herself what was an aggravating circumstance. That will not pass muster under *Godfrey* and its predecessors.