518 So.2d 1186 (1987)
Richard Gerald JORDAN
v.
STATE of Mississippi.
No. DP-44.
Supreme Court of Mississippi.
September 23, 1987.
Rehearing Denied February 10, 1988.
Joseph P. Hudson, Lawyer & Hudson, Earl B. Stegall, Gulfport, Timothy N. Black, Philip D. Anker, Maxwell O. Chibundu, Wilmer, Cutler & Pickering, Washington, D.C., for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Marvin L. White, Jr., Asst. Atty. Gen., and Felicia C. Adams, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.

ON REMAND FROM THE UNITED STATES SUPREME COURT
ROY NOBLE LEE, Presiding Justice, for the Court:
The Court considers this case today upon remand to the Supreme Court of Mississippi after the United States Supreme Court granted a petition for writ of certiorari. Jordan, Petitioner v. Mississippi, 476 U.S. 1101, 106 S.Ct. 1942, 90 L.Ed.2d 352 (1986). The U.S. Supreme Court vacated the judgment imposing the death penalty upon Jordan and remanded to this Court for further consideration in the light of Skipper v. *1187 South Carolina, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986).
Richard Gerald Jordan was first tried and found guilty on July 21, 1976, for the capital murder of Mrs. Edwina Marter. The conviction was prior to the decision in Jackson v. State, 337 So.2d 1242 (Miss. 1976), which provided guidelines and bifurcated trials in capital murder cases. The lower court granted a motion for new trial under the precedents of Jackson and Jordan was tried, convicted and sentenced to death a second time. The conviction and sentence were affirmed in Jordan v. State, 365 So.2d 1198 (Miss. 1978). Subsequently, the United States Fifth Circuit Court of Appeals vacated the sentence on habeas corpus petition and remanded for another sentencing hearing, holding that under Godfrey v. Georgia, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980), the instructions of the trial court failed to channel the sentencer's discretion by clear and objective standards and did not provide specific and detailed guidance.
A new sentencing hearing was held by the Circuit Court of Harrison County, Mississippi, First Judicial District, and the jury imposed the death penalty on Jordan April 29, 1983, being the third time Jordan had been sentenced to death. That death sentence was affirmed by this Court January 30, 1985, and rehearing was denied March 13, 1985. Jordan v. State, 464 So.2d 475 (Miss. 1985). Appellant then filed a petition for writ of certiorari with the United States Supreme Court on May 13, 1985, citing three grounds for relief. One such ground was sustained and follows:
1. Whether, in a capital sentencing proceeding, exclusion of virtually all evidence of a defendant's socially useful behavior while in prison and other mitigating evidence is consistent with Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), and the requirement of individualized sentencing.
In Skipper, following the introduction by the State of evidence in aggravation of the offense, petitioner presented as mitigating evidence his own testimony and that of his former wife, his mother, his sister and his grandmother. Testimony, for the most part, concerned the difficult circumstances of his upbringing. Petitioner and his former wife, however, both testified briefly that petitioner had conducted himself well during the 7 1/2 months he spent in jail between his arrest and trial, and petitioner further testified that during a prior period of incarceration he had earned the equivalent of a high school diploma and that, if sentenced to life imprisonment rather than to death, he would behave himself in prison and would attempt to work so that he could contribute money to the support of his family. In addition, he sought to introduce testimony of two jailers and one regular visitor to the jail to the effect that petitioner had made a good adjustment during his time spent in jail. The South Carolina trial court ruled that under the decision of the South Carolina Supreme Court in State v. Koon, 278 S.C. 528, 298 S.E.2d 769 (1982), such evidence would be irrelevant and inadmissible.
The U.S. Supreme Court stated the following:
Accordingly, the only question before us is whether the exclusion from the sentencing hearing of the testimony petitioner proffered regarding his good behavior during the over seven months he spent in jail awaiting trial deprived petitioner of his right to place before the sentencer relevant evidence in mitigation of punishment. It can hardly be disputed that it did. The State does not contest that the witnesses petitioner attempted to place on the stand would have testified that petitioner had been a well-behaved and well-adjusted prisoner, nor does the State dispute that the jury could have drawn favorable inferences from this testimony regarding petitioner's character and his probable future conduct if sentenced to life in prison. Although it is true that any such inferences would not relate specifically to petitioner's culpability for the crime he committed, see Koon I, supra, at 536, 298 SE2d, at 774, there is no question but that such inferences would be "mitigating" in the sense that they might serve "as a basis for a sentence less than death." Lockett, *1188 supra, [438 U.S.] at 604, 71 L Ed 2d 1, 102 S Ct 869 [98 S.Ct. 2954, at 2965, 57 L.Ed.2d 973]. Consideration of a defendant's past conduct as indicative of his probable future behavior is an inevitable and not undesirable element of criminal sentencing: "any sentencing authority must predict a convicted person's probable future conduct when it engages in the process of determining what punishment to impose." Jurek v. Texas, 428 US 262, 275, 49 L Ed 2d 929, 96 S Ct 2950 [2958] (1976) (opinion of Stewart, Powell, and Stevens, JJ.). The Court has therefore held that evidence that a defendant would in the future pose a danger to the community if he were not executed may be treated as establishing an "aggravating factor" for purposes of capital sentencing, Jurek v. Texas, supra; see also Barefoot v. Estelle, 463 US 880, 77 L Ed 2d 1090, 103 S Ct 3383 (1983). Likewise, evidence that the defendant would not pose a danger if spared (but incarcerated) must be considered potentially mitigating. Under Eddings, such evidence may not be excluded from the sentencer's consideration.
476 U.S. at 4-5, 106 S.Ct. at 1671, 90 L.Ed.2d at 6-7. See also Dutton v. Brown, 812 F.2d 593, 600-602 (10th Cir.1987).
During the sentencing phase of the trial, Jordan introduced testimony in mitigation from sixteen (16) witnesses in addition to his own testimony. Of those sixteen people, six (6) were family members, five (5) were friends, three (3) were jail inmates and prison chaplains, a prison guard and a pathologist. They testified to his life during childhood and boyhood, as a husband and father, engaging in sports, as a church member. All of the testimony was favorable and praise-worthy of the appellant. Lucius Brown, a prison guard, testified that he had chosen Jordan to be a "hall man" with certain responsibilities in the prison and toward other inmates and was highly complimentary of his conduct.
Jordan contends that the lower court impermissibly restricted testimony concerning mitigating facts, e.g., certain parts of testimony of Robert Jordan, brother of appellant, Shirley Thames, first cousin, Lucius Brown, prison guard, and the entire testimony of Rhett Russell. In the original opinion, entered January 30, 1985, this Court discussed the evidence of each of those witnesses and concluded that the restriction imposed by the trial court on the first three and exclusion of the testimony of Rhett Russell did not constitute reversible error. Skipper v. South Carolina, supra, decided April 29, 1986, holds otherwise. In concluding its opinion, the U.S. Supreme Court said:
The exclusion by the state trial court of relevant mitigating evidence impeded the sentencing jury's ability to carry out its task of considering all relevant facets of the character and record of the individual offender. The resulting death sentence cannot stand, although the State is of course not precluded from again seeking to impose the death sentence, provided that it does so through a new sentencing hearing at which petitioner is permitted to present any and all relevant mitigating evidence that is available. Eddings [v. Oklahoma] 455 US, at 117, 71 L Ed 2d 1, 102 S Ct 869 [at 878 (1982)]. The judgment of the Supreme Court of South Carolina is therefore reversed insofar as it affirms the death sentence, and the case is remanded for further proceedings not inconsistent with this opinion.
It is so ordered.
476 U.S. at 8-9, 106 S.Ct. at 1673, 90 L.Ed.2d at 9.
The testimony of Rhett Russell, as proffered, was to the effect that he would testify about a method for generating electricity from an alternative energy source, as it is known, through wind tunnels and things of that nature; that Mr. Jordan has been in contact with the Tennessee Valley Authority over this invention and has entered into an agreement with them about it; and that Mr. Russell is familiar with all those details and would testify about them.
The State advances several reasons why this Court should not remand for a new sentencing hearing, although conceding *1189 that "under the ruling in Skipper we now know that this type material is relevant and the opinion of this Court to the contrary is erroneous."
We are not persuaded by the argument of the State in the light of the holding in Skipper v. South Carolina, supra. Therefore, this cause is remanded to the Circuit Court of Harrison County, Mississippi, for a new sentencing hearing.
REMANDED TO THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI, FOR SENTENCING HEARING, CONSISTENT WITH THIS OPINION.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.

ON APPLICATION FOR LEAVE TO FILE MOTION TO VACATE AND SET ASIDE 
CONVICTION
ROY NOBLE LEE, Presiding Justice, for the Court:
Richard Gerald Jordan has filed an Application for Leave to File Motion to Vacate and Set Aside Conviction, pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Ch. 378, Miss.Gen. Laws 1984, Mississippi Code Annotated § 99-39-7 and § 99-39-27 (Supp. 1986). The motion to vacate and set aside the conviction and the relief prayed for is based on the United States Supreme Court's decision in Michigan v. Jackson, 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986). Jordan claims that the admission at trial of tape recorded statements taken from him outside the presence of counsel violated his Sixth Amendment rights.
Jordan first presented this question on his direct appeal decided in 1978 and the issue was resolved against him at that time. See Jordan v. State, 365 So.2d 1198, 1201-03 (Miss. 1978). The question was next raised in a federal habeas corpus proceeding where it was denied. The Court of Appeals for the Fifth Circuit addressed the issue on appeal on the denial of habeas relief by the District Court and found that no error was involved and denied any relief on those grounds. Jordan v. Watkins, 681 F.2d 1067, 1070-75 (5th Cir.1982). The issue was not addressed in the opinion on petition for rehearing before the Fifth Circuit, 688 F.2d 395. Jordan again raised the question on direct appeal from his resentencing. In response, this Court quoted from the opinion of the Fifth Circuit and held: "We are of the opinion that the State met its burden with respect to Jordan and that the question is now res judicata." Jordan v. State, 464 So.2d 475, 480 (Miss. 1985). The issue was not raised in Jordan's petition for writ of certiorari from his last death sentence affirmance.
We are of the opinion that Jordan's conviction of capital murder became final in 1982 when the Fifth Circuit upheld his conviction of capital murder and he did not petition the United States Supreme Court to review that decision. We hold that the question is res judicata and is barred from relitigation.
Therefore, the application is denied.
APPLICATION DENIED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.