# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00113-SCT

*RICHARD GERALD JORDAN*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/05/95 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY | CONO CARANNA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 7/17/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/7/97 |

**EN BANC.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

The issue presented in this case is the same as those we previously considered in *Patterson v. State*, 660 So. 2d 966 (Miss. 1995), and *Lanier v. State*, 635 So. 2d 813 (Miss. 1994). In this case we consider whether a defendant, not indicted as a habitual offender, can agree to be sentenced to life imprisonment without parole under Miss. Code Ann. § 97-3-21, during a time that the statute did not provide such penalty. Because this case is indistinguishable from both *Patterson* and *Lanier*, this case must be reversed and remanded.

## STATEMENT OF THE FACTS

Jordan is once again before this Court appealing his sentence for the 1976 capital murder of Mrs. Edwina Marter. *See Jordan v. State*, 365 So. 2d 1198 (Miss. 1978); *In re Jordan*, 390 So. 2d 584 (Miss. 1980); *Jordan v. State*, 464 So. 2d 475 (Miss. 1985); *Jordan v. State*, 518 So. 2d 1186

(Miss. 1987). The procedural history is best described in *Jordan*, 518 So. 2d at 1187.

Richard Gerald Jordan was first tried and found guilty on July 21, 1976, for the capital murder of Mrs. Edwina Marter. The conviction was prior to the decision in *Jackson v. State*, 337 So. 2d 1242 (Miss. 1976), which provided guidelines and bifurcated trials in capital murder cases. The lower court

granted a motion for new trial under the precedents of *Jackson* and Jordan was tried, convicted and sentenced to death a second time. The conviction and sentence were affirmed in *Jordan v. State*, 365 So. 2d 1198 (Miss. 1978). Subsequently, the United States Fifth Circuit Court of Appeals vacated the sentence on habeas corpus petition and remanded for another sentencing hearing, holding that under *Godfrey v. Georgia*, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980), the instructions of the trial court failed to channel the sentencer's discretion by clear and objective standards and did not provide specific and detailed guidance.

A new sentencing hearing was held by the Circuit Court of Harrison County, Mississippi, First Judicial District, and the jury imposed the death penalty on Jordan April 29, 1983, being the third time Jordan had been sentenced to death. That death sentence was affirmed by this Court January 30, 1985, and rehearing was denied March 13, 1985. *Jordan v. State*, 464 So. 2d 475 (Miss. 1985). Appellant then filed a petition for writ of certiorari with the United States Supreme Court on May 13, 1985, citing three grounds for relief. One such ground was sustained.

Because the trial court had limited the introduction of mitigating evidence this Court reversed and remanded for a new sentencing hearing. *Jordan*, 518 So. 2d at 1189. Upon remand to the circuit court, discussions were held between Jordan and the State regarding an agreement in which Jordan would waive his right to seek parole, in return the State would not pursue the death penalty.

On December 2, 1991, Jordan agreed to be sentenced to life imprisonment without the possibility of parole so that he would avoid the possibility of another death penalty. Jordan also agreed not to institute any proceedings to set aside, vacate or modify the sentence. During the sentencing hearing, Jordan stated he understood he was giving up the right to seek to be released on parole. The circuit court found that Jordan had knowingly, voluntarily and intelligently entered into the agreement and sentenced Jordan to life imprisonment without the possibility of parole.

On April 26, 1994, Jordan filed a motion to correct or amend the sentencing order pursuant to *Lanier v. State*, and asked that his sentence be amended to strike the agreement regarding "without the possibility of parole" and to merely leave Jordan with a life sentence. On April 5, 1995, a hearing was held to consider Jordan's motion. Upon the conclusion of testimony, the motion was denied.

Aggrieved by the disposition below, Jordan asks this Court to review the following issue:

**DID THE TRIAL COURT ERROR IN DENYING JORDAN'S MOTION TO SET ASIDE AN INVALID SENTENCING ORDER?**

The case *sub judice* presents the identical issue that this Court has previously addressed in *Patterson*

*v. State*, 660 So. 2d 966 (Miss. 1995), and *Lanier v. State*, 635 So. 2d 813 (Miss. 1994). This Court has held that an agreement between a defendant who knowingly and voluntarily enters into a plea agreement to life imprisonment without the possibility of parole, during a time when the sentencing statute did not offer such option, to avoid a possible death sentence is void *ab initio* on the ground that it violates public policy. *Patterson v. State*, 660 So. 2d 966, 968 (Miss. 1995). Prior to its revision, effective July 1, 1994, Miss. Code Ann. § 97-3-21 provided penalties of death or life imprisonment in capital murder convictions. This Court held that one convicted of capital murder, prior to July 1, 1994, may be sentenced to death or life imprisonment with the possibility of parole to the exclusion of all other sentences. *Id.* at 967; *Lanier*, 635 So. 2d at 816.

Pursuant to our holdings in *Lanier* and *Patterson*, this case must be reversed and remanded because the contract in the case *sub judice* is void, even though, as in *Patterson*, Jordan entered into the agreement knowingly, voluntarily and intelligently. The agreement providing for life without the possibility of parole was not a permissible sentencing option under § 97-3-21 in 1987, thus the circuit court had no authority to issue such a sentence. Additionally, the agreement is void as against public policy as it attempted to circumvent the dictates of § 97-3-21. *Patterson*, 660 So. 2d at 969.

Following the decisions in *Patterson* and *Lanier*, which held that the agreement was void, Jordan is not entitled to have his sentence amended by granting him life imprisonment and deleting language denying him parole. *Patterson*, 660 So. 2d at 969; *Lanier*, 635 So. 2d at 819. On remand, as in *Patterson* and *Lanier*, Jordan has the right to be sentenced by a jury, and the State has the right to seek the death penalty.

For the foregoing reasons, we reverse and remand this case for proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE AND SMITH, JJ., CONCUR. DAN LEE, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MILLS, J.**


**DAN LEE, CHIEF JUSTICE, DISSENTING:**


This appeal marks the *fifth* time that Richard Gerald Jordan has come before this Court for a murder he committed in 1976. He has been through numerous trials and has, in fact, been sentenced to die three separate times. *See Jordan v. State*, 518 So. 2d 1186 (Miss. 1987); *Jordan v. State*, 464 So. 2d 475 (Miss. 1985), *vacated*, 476 U.S. 1101 (1986); *In re Jordan*, 390 So. 2d 584 (Miss. 1980); *Jordan v. State*, 365 So. 2d 1198 (Miss. 1978).

During the latest re-sentencing hearing, Mr. Jordan, evidently more in tune with the merits of his case than several appellate courts and no doubt feeling the death penalty at last looming overhead, opted to forego the risk of yet another death penalty and plea bargain with the State for life without parole. The State accepted his offer, no doubt feeling that this protracted and unhappy matter was, at long last, put to rest. Mr. Jordan, however, had other plans, and on April 26, 1994, filed a motion to

amend the sentencing order and strike the agreement with the State, leaving him with only a life sentence and the possibility of parole. The motion was denied and Mr. Jordan now appeals.

The majority, in reversing, yet again proclaims that plea agreements providing for life imprisonment without parole are void as against public policy and thus again prolongs the final resolution of this case, remanding the case for yet another re-sentencing hearing.

Because I remain unconvinced that holding a convicted murderer to his plea agreement does violence to any public policy of the State of Mississippi, I respectfully dissent, and refer to my previous dissents on this exact issue contained in *Stevenson v. State*, 674 So. 2d 501 (Miss. 1996) (Dan M. Lee, C.J., *dissenting*); *Patterson v. State*, 660 So. 2d 966 (Miss. 1995) (Dan M. Lee, P. J., *dissenting*); and *Lanier v. State*, 635 So. 2d 813 (Miss. 1994) (Dan M. Lee, P. J., *dissenting*).

**MILLS, J., JOINS THIS OPINION.**