United States Court of Appeals,

Fifth Circuit.

No. 96-60110.

Milton MARTIN, Petitioner-Appellant,

v.

Ruble MAXEY, the Attorney General of the State of Mississippi, Respondents-Appellees.

Nov. 1, 1996.

Appeal from the United States District Court for the Northern District of Mississippi.

Before SMITH and PARKER, Circuit Judges, and JUSTICE[*], District Judge.

JUSTICE, District Judge:

Appellant, Milton Martin, appeals the denial of his 28 U.S.C. § 2254 habeas petition. Martin contends that he was denied his Sixth Amendment rights to a speedy trial and effective assistance of counsel. The district court found that Martin's claims were procedurally barred. We affirm in part, reverse in part, and remand the district court's denial of relief.

## I. BACKGROUND

Martin is currently in the custody of the Mississippi Department of Corrections, serving a 20-year sentence, after having been convicted of manslaughter by a jury. Following his conviction, Martin, represented by his trial counsel, filed a direct appeal to the Mississippi Supreme Court raising the following issues: 1) the verdict was contrary to the weight of the evidence; 2) the state trial court erred in overruling his objection to the state's closing argument; and 3) the state trial court erred in refusing to give a "Weathersby"[1] instruction. The Mississippi Supreme Court affirmed Martin's conviction and sentence.

Thereafter, Martin, proceeding *pro se,* filed an application for post conviction relief with the Mississippi Supreme Court presenting the same or substantially the same issues presented in his

---

[*]District Judge of the Eastern District of Texas, sitting by designation.

[1]*Weathersby v. State,* 165 Miss. 207, 147 So. 481 (1933) (holding that the jury is required to accept defendant's version of events leading to a homicide if reasonable and not contradicted by substantial evidence).

federal petition. The state court denied Martin's claims, reasoning that the issues were "barred from consideration by Miss.Code Ann. § 99-39-21 of the Mississippi Uniform Collateral Relief Act and fail to present a substantial showing of the denial of a state or federal right."

Still proceeding *pro se,* Martin filed a 28 U.S.C. § 2254 habeas petition. The magistrate judge granted Martin leave to proceed *in forma pauperis* and ordered Martin to file an amended petition clearly setting forth his claims. In the amended petition, Martin contended that his constitutional rights were violated because: 1) he received ineffective assistance of counsel (a) because counsel failed to argue adequately a motion to suppress evidence or to raise that issue on appeal and (b) because counsel failed to obtain a preliminary hearing; 2) a witness gave perjured testimony at his trial;[2] and 3) he was not given a speedy trial.

The magistrate judge recommended denying the petition on the ground that Martin's claims were procedurally barred. In this relation, the magistrate judge found that Martin had not demonstrated the necessary cause and prejudice to overcome the procedural default, holding that there was no ineffective assistance of counsel constituting cause for the procedural default. The magistrate judge also found that there was no showing of a fundamental miscarriage of justice.

Martin filed objections to the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The district court, under the *de novo* standard of review, issued an order adopting the magistrate's report and recommendation in full. The court granted Martin's motion for a certificate of probable cause to appeal and found that Martin is entitled to proceed *in forma pauperis.*[3]

---

[2]Martin expressly abandoned this issue in the district court.

[3]The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, 1217 (1996), amended 28 U.S.C. § 2253 to require a "certificate of appealability" before a final order in a habeas corpus proceeding can be appealed. *Id.* at § 102. Martin filed his notice of appeal, motion for certificate of probable cause, and brief prior to April 24, 1996, the effective date of the Act. Neither side has argued that the new law applies retroactively to Martin's appeal, and it appears that the outcome of this appeal under both laws would be the same. The Fifth Circuit has not yet decided whether the Act applies retroactively to pending cases. *See, e.g., Callins v. Johnson,* 89 F.3d 210 (5th Cir.1996).

Martin challenges the court's dismissal of the following claims as procedurally barred:[4]  1) he received ineffective assistance of counsel (a) because counsel failed to argue adequately a motion to suppress evidence or to raise that issue on appeal and (b) because counsel failed to obtain a preliminary hearing;  and 2) he was not given a speedy trial.  To the extent Martin raises other claims in his appeal that he did not raise before the district court, these claims are not considered.  *Smith v. Black,* 970 F.2d 1383, 1389 (5th Cir.1992).

## II. DISCUSSION

"A district court's denial of federal habeas review based on a state procedural ground presents a legal question that we review *de novo.*"  *Amos v. Scott,* 61 F.3d 333, 338 (5th Cir.), *cert. denied,* ---U.S. ----, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995).

Under the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the state based its rejection of that claim on an adequate and independent state ground.  *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991);  *see Young v. Herring,* 938 F.2d 543, 548 n. 5 (5th Cir.1991) (en banc), *cert. denied,* 503 U.S. 940, 112 S.Ct. 1485, 117 L.Ed.2d 627 (1992).  In cases where a state court decision "fairly appears" to rest primarily on federal law, the state must make a "plain statement" that the state's review of the claim is procedurally barred.  *Harris v. Reed,* 489 U.S. 255, 261, 109 S.Ct. 1038, 1042, 103 L.Ed.2d 308 (1989).  The Mississippi Supreme Court made such a statement when it held that Martin's habeas claims are "barred from consideration by Miss.Code Ann. § 99-39-21 of the Mississippi Uniform Post-Conviction Collateral Relief Act[5] and fail to present a substantial showing

---

[4]Because Martin is proceeding on appeal *pro se,* his appellate claims should be construed liberally.  *See Guidroz v. Lynaugh,* 852 F.2d 832, 834 (5th Cir.1988) (citing *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)).

[5]Section 99-39-21(1) states:

> Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and prejudice grant relief from the waiver.

of the denial of a state or federal right as required by Miss.Code Ann. § 99-39-27[6]."  Section 99-39-21(1) prevents a defendant from raising issues in federal court that he did not raise on his direct appeal.

Additionally, in order to be "adequate," a procedural bar rule must be "strictly or regularly" applied by the state to the "vast majority of similar claims." *Amos v. Scott,* 61 F.3d 333, 339 (5th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995); *see also Dugger v. Adams,* 489 U.S. 401, 410 n. 6, 109 S.Ct. 1211, 1217 n. 6., 103 L.Ed.2d 435 (1989); *Hathorn v. Lovorn,* 457 U.S. 255, 263, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982).  This circuit has found that there is a "time window" in which Mississippi did not strictly or regularly apply the direct appeal bar of § 99-39-21(1).  *See, e.g., Wheat v. Thigpen,* 793 F.2d 621, 627 (5th Cir.1986) (holding that 8th amendment challenge to prosecutor's closing argument is not procedurally barred despite petitioner's failure to raise claim on direct appeal), *cert. denied,* 480 U.S. 930, 107 S.Ct. 1566, 94 L.Ed.2d 759 (1987); *Wilcher v. Hargett,* 978 F.2d 872, 879 (5th Cir.1992) (holding that *Clemons v. Mississippi,* 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) claim is not procedurally barred even though claim was not raised on direct appeal), *cert. denied,* 510 U.S. 829, 114 S.Ct. 96, 126 L.Ed.2d 63 (1993).  The Fifth Circuit has yet to determine whether Mississippi has begun to apply its direct appeal bar strictly and regularly, and if so, when this application began.  The burden is on Martin to establish that the Mississippi procedural bar rule was not strictly and regularly followed at the time of his direct appeal.  *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir.1995).

A state has failed to strictly and regularly apply a procedural rule only when the state "clearly

---

Miss.Code Ann. § 99-39-21(1) (1993).

[6]Section 99-39-27(5) states:

> Unless it appears from the face of the application, motion, exhibits, and the prior record that the claims presented by such are not procedurally barred under section 99-93-21 and that they further present a substantial showing of the denial of a state or federal right, the court shall by appropriate order deny the application.  The court may, in its discretion, require the attorney general upon sufficient notice to respond to the application.

Miss.Code Ann. § 99-39-27(5) (1993).

and unequivocally excuse[s] the procedural default." *Amos v. Scott,* 61 F.3d 333, 342 (5th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995). Moreover, the state must fail to apply the rule to claims "*identical or similar* " to the petitioner's claim. *Id.* at 341 (emphasis in the original). *De minimis* exceptions will not preclude the state from asserting the procedural default doctrine; "an occasional act of grace by a state court in excusing or disregarding a state procedural rule does not render the rule inadequate." *Id.* at 342. Because this exception to the procedural bar doctrine is claim specific, each of Martin's claims will be examined individually to see if the Mississippi Supreme Court has failed to apply its direct appeal bar rule to each specific type of claim.

A. *Ineffective Assistance of Counsel Claim*

The district court concluded that Martin's ineffective assistance of counsel claim is procedurally barred. We reverse the district court's holding. Under Mississippi law, the failure to raise an ineffective assistance of counsel claim on direct review does not constitute a procedural bar where, as in this case, the litigant was represented by the same counsel at trial and on direct appeal. *Smith v. Black,* 904 F.2d 950, 976 n. 8 (5th Cir.1990) (citing *Read v. State,* 430 So.2d 832, 836-38 (Miss.1983)), *vacated on other grounds,* 503 U.S. 930, 112 S.Ct. 1463, 117 L.Ed.2d 609 (1992); *see also Sones v. Hargett,* 61 F.3d 410, 416 n. 9 (5th Cir.1995).

The district court found that there was no cause to excuse Martin's procedural default of the ineffective assistance of counsel claim, but did not proceed to the merits of Martin's ineffective assistance of counsel claim, which involves a second and different type of "cause" standard. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The district court notes correctly that the Supreme Court has stated that "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it" does not constitute ineffective assistance of counsel and therefore does not constitute cause for a procedural default. *Murray v. Carrier,* 477 U.S. 478, 486, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986). However, Martin is not alleging a "mere failure" of his counsel to raise a claim. Martin's ineffective assistance of counsel claim alleges that his counsel failed to adequately argue a motion to suppress evidence that was obtained in violation of his Fourth Amendment rights or to raise that issue

on appeal, and that his counsel failed to obtain a preliminary hearing on the suppression issues. This circuit has held that counsel's failure to move to suppress evidence, when the evidence would have been suppressed if objected to, can constitute deficient performance (cause), unless counsel's failure was due to a tactical decision. *Kirkpatrick v. Butler,* 870 F.2d 276, 283 (5th Cir.1989), *cert. denied,* 493 U.S. 1051, 110 S.Ct. 854, 107 L.Ed.2d 848 (1990).

Given the factual issues that need to be developed, Martin's ineffective assistance of counsel claim is remanded to the district court to consider whether Martin's 6th and 14th amendment rights to effective assistance of counsel were denied. Specifically, the district court, pursuant to *Strickland,* should consider whet her counsel was professionally deficient in failing to successfully move to suppress evidence (cause) and whether the exclusion of that evidence would have had an effect on the outcome of Martin's case (prejudice).

### B. *Speedy Trial Claim*

Martin's second claim is that his Sixth Amendment right to a speedy trial was violated. Martin did not raise this claim on his direct appeal, but he did raise this claim before the trial court. Approximately eighteen months elapsed between Martin's arrest and trial. This court generally requires a delay of only one year to trigger speedy trial analysis. Despite the potential validity of Martin's claim, we uphold the district court's denial of this claim on the ground that it is procedurally barred.

Even though this circuit has found that at one time Mississippi failed to strictly and regularly apply its direct appeal bar, these findings were based on direct and collateral appeals decided by the Mississippi courts in the early and mid-1980s. *See Wheat v. Thigpen,* 793 F.2d 621, 627 (5th Cir.1986) (finding that in the years proceeding 1983, Mississippi "routinely reviewed claims made for the first time" on collateral appeal and that in 1985 Mississippi addressed the merits of a claim raised for the first time on direct appeal), *cert. denied,* 480 U.S. 930, 107 S.Ct. 1566, 94 L.Ed.2d 759 (1987). Martin's direct appeal was decided in 1993. Martin has failed to demonstrate that Mississippi's direct appeal bar was not strictly and directly applied near the time of his direct appeal to cases involving speedy trial claims raised for the first time on collateral review.

We also uphold the district court's finding that Martin has failed to show cause for the procedural default of his speedy trial claim. To establish cause, a party is required to show that "some objective external factor impeded the defense counsel's ability to comply with the state's procedural rules or to show a prior determination of ineffective assistance of counsel." *Hill v. Black,* 932 F.2d 369, 372-73 (5th Cir.1991). Martin has failed to demonstrate any objective external factor that impeded his counsel's ability to raise a speedy trial challenge on direct appeal. Furthermore, Martin has failed to allege that his counsel's failure to raise the challenge was the product of ineffective assistance. Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice. *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir.1992). Martin does not claim actual innocence under the miscarriage of justice exception to the procedural bar rule. *See Sawyer v. Whitley,* 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992).

## III. CONCLUSION

Based on the foregoing, we affirm in part and reverse in part the district court's denial of Martin's claims. Martin's ineffective assistance of counsel claim is remanded to the district court for a determination of whether Martin's Sixth Amendment right to effective assistance of counsel was violated.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.