United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30109
Summary Calendar
_____

ROBERT YOUNG,

Petitioner-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-3162-B
---------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

    Robert Young, Louisiana prisoner # 115638, appeals the

district court's dismissal of his 28 U.S.C. § 2254 habeas corpus

petition as procedurally barred.  In dismissing the petition, the

district court determined that Young's motion to quash his

indictment based on the racial composition of the grand jury was

untimely filed, and that Young otherwise waived his grand jury

challenge by failing to pursue a ruling on the motion at his jury

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

trial.  On appeal, Young focuses on the latter theory of dismissal, arguing that he expressly reserved the right to raise his equal protection claim in post-conviction proceedings.  The Respondent relies on the theory of dismissal finding Young's motion untimely filed.

This court reviews *de novo* a district court's denial of federal habeas relief based on a state procedural ground.  Martin v. Maxey, 98 F.3d 844, 847 (5th Cir. 1996).  Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  Coleman v. Thompson, 501 U.S. 722, 729 (1991).  "[A] federal district court may, in the exercise of its discretion, raise a habeas petitioner's procedural default *sua sponte* and then apply that default as a bar to further litigation of petitioner's claims."  Magouirk v. Phillips, 144 F.3d 348, 358 (5th Cir. 1998).

We hold that the district court did not err in dismissing Young's 28 U.S.C. § 2254 petition as procedurally barred since Young failed to file his motion to quash in a timely manner under Louisiana law.  See State v. Hampton, 687 So. 2d 505, 508 (La. Ct. App. 1996); LA. CODE CRIM. P. art. 521 &  535D.  Young does not renew his cause and prejudice argument on appeal; therefore, he fails to overcome the procedural bar.  Smith v. Johnson, 216 F.3d 521, 524 (5th Cir. 2000).  Since we affirm on the timeliness

issue, we need not address whether Young's failure to pursue a trial court ruling on the motion to quash constituted a waiver of his equal protection claim.

AFFIRMED.