United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 03-60309

**CHARLES SYLVESTER BELL,**

**Petitioner-Appellant,**

**versus**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS,**

**Respondent-Appellee.**

**Appeal from the United States District Court
for the Southern District of Mississippi
(2:00-CV-85-GR)**

Before BARKSDALE, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Seeking federal habeas relief, and pursuant to a certificate of appealability (COA) issued by our court, Charles Sylvester Bell, Mississippi prisoner # 30115, appeals the dismissal of his double jeopardy claim. Convicted in Mississippi state court of two counts of murder and one count of armed robbery, Bell claims his armed robbery conviction violates the Fifth Amendment's Double Jeopardy Clause because it was a lesser-included offense in one of his murder convictions. The issue for which we granted a COA is whether the district court erred by dismissing Bell's double

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jeopardy claim as procedurally barred under MISS. CODE ANN. § 99-39-21 (stating, *inter alia*, that claims not raised either at trial or on direct appeal are waived, except upon a showing of cause for the default and actual prejudice). The Mississippi Supreme Court never made the requisite *clear and express statement* that Bell's double jeopardy claim was procedurally barred. **REVERSED and REMANDED**.

## I.

In 1977, Bell was convicted in Mississippi state court of the murder of D.C. Haden while engaged in the commission of armed robbery and kidnapping and was sentenced to death. *See* MISS. CODE ANN. § 97-3-19(2)(e). On appeal, his conviction and sentence were upheld. *Bell v. State*, 360 So. 2d 1206 (Miss. 1978), *cert. denied*, 440 U.S. 950 (1979).

Bell sought federal habeas relief, challenging his conviction and sentence on numerous grounds. The district court denied the petition. Our court reversed the district court's ruling that the state trial court's sentencing instructions were constitutionally adequate and "direct[ed] the district court to issue the writ of habeas corpus unless the State of Mississippi decide[d] within a reasonable time to conduct a new sentencing proceeding or to impose a sentence less than death". *Bell v. Watkins*, 692 F.2d 999, 1014 (5th Cir. 1982), *cert. denied*, 464 U.S. 843 (1983). As discussed, *infra*, Bell was re-sentenced to life imprisonment.

2

After the death sentence was overturned, Bell was indicted as a habitual offender for the armed robbery of D.C. Haden. *See* MISS. CODE ANN. § 99-19-81 (any person convicted of a felony, who (1) has been previously convicted of two or more felonies arising out of separate incidences and (2) has been sentenced to a year or more in any state or federal penal institution, shall be, *inter alia*, sentenced to the maximum term of imprisonment for that felony). In August 1984, Bell pleaded guilty to the armed robbery charge as a habitual offender and was sentenced to the maximum term of 25 years. At that same time, he was also re-sentenced for the murder conviction of D.C. Haden; the new sentence was life imprisonment. In addition, Bell had been convicted previously of a separate capital murder charge and sentenced to life imprisonment. The life sentence for the murder of D.C. Haden was to run consecutively to the other life sentence, with the 25-year term for the armed robbery consecutive to that second life sentence.

In December 1984, Bell moved in state court to vacate his armed robbery conviction, claiming, *inter alia*, that it violated the Double Jeopardy Clause because the armed robbery was a lesser-included offense of capital murder under MISS. CODE ANN. § 97-3-19(2)(e) and a necessary element to his conviction. (As noted, *supra*, § 97-3-19(2)(e) provides that the killing of any human being, whether intentional or not, while engaged in, *inter alia*, kidnapping or robbery is a capital murder.) The motion was denied,

3

and Bell appealed to the Mississippi Supreme Court. It dismissed the appeal for lack of prosecution. *Bell v. State*, Trial Court No. 11,351 (Miss. 11 August 1986) (Mem.).

Between 1986 and 1995, Bell filed motions and petitions in state and federal court, challenging his armed robbery conviction on various grounds. All were denied. His habeas petition in federal court was dismissed without prejudice because he had failed to exhaust his state post-conviction remedies.

In May 1995, Bell moved in state court for rehearing and to vacate the armed robbery conviction. In February 1996, the court conducted an evidentiary hearing and denied the motion as procedurally barred. Bell appealed to the Mississippi Supreme Court, which held: Bell's conviction for armed robbery as a habitual offender violated the *Ex Post Facto* Clauses of the United States and Mississippi Constitutions because the habitual offender statute was enacted in 1977, subsequent to Bell's 1976 armed robbery offense. *Bell v. State*, 726 So. 2d 93, 94 (Miss. 1998) (*Bell I*). The court remanded for the trial court to determine whether Bell knowingly waived his *ex post facto* rights as part of a plea agreement to avoid the death penalty. *Id.* at 95. The state supreme court declined, however, to rule on Bell's double jeopardy claim, stating: "The issue is *not* germane to these proceedings". *Id.* at 94 (emphasis added).

4

On remand, the state trial court found Bell did waive his *ex post facto* rights as part of the plea agreement by which he was re-sentenced to life for the murder of D.C. Haden. Bell appealed again to the Mississippi Supreme Court, which stated in the two-sentence introduction to its opinion: "Bell knowingly waived his double jeopardy and ex post facto rights", **Bell v. State**, 751 So. 2d 1035, 1036 (Miss. 1999) (**Bell** II), *despite the court, in **Bell I**, having ruled that, as quoted above, the double jeopardy issue was not germane to the proceedings*. In the analysis portion of the opinion, the court ruled that Bell's ineffective assistance of counsel (IAC) claim was procedurally barred because he had raised it in 1984 in a previous proceeding. *Id.* at 1038. The double jeopardy issue was referenced only in ruling on the IAC claim.

In April 2000, Bell filed the instant habeas petition concerning the armed robbery offense, claiming: (1) a double jeopardy violation; (2) an *ex post facto* violation; (3) IAC; and (4) an invalid guilty plea. The magistrate judge's report and recommendation recommended Bell's petition being dismissed because, *inter alia*, Bell's double jeopardy claim was procedurally barred.

In September 2001, over Bell's written objections, the district court adopted the report and recommendation and dismissed the habeas petition. It also denied Bell's FED. R. CIV. P. 59(e) motion to alter or amend judgment, as well as his COA request.

5

II.

For his four habeas claims, Bell briefed only the double jeopardy issue in seeking a COA from our court. As noted, our court granted a COA on whether Bell's double jeopardy claim was procedurally barred by MISS. CODE ANN. § 99-39-21(1), which provides:

> Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

(Procedural waiver under § 99-39-21(1) is, of course, distinct from the knowing waiver of certain rights as part of a plea agreement.)

Our court reviews *de novo* a habeas-denial based on a state procedural ground. *E.g.*, **Martin v. Maxey**, 98 F.3d 844, 847 (5th Cir. 2000). "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case '*clearly and expressly*' states that its judgment rests on a state procedural bar". **Harris v. Reed**, 489 U.S. 255, 263 (1989) (emphasis added) (applying the **Michigan v. Long**, 463 U.S. 1032, 1042, n.7 (1983), "plain statement" rule to federal habeas review). This rule serves to prevent a federal habeas court, when faced with an ambiguous state court ruling concerning a procedural default, from having to

6

"examine the state-court record to determine whether procedural default was argued to the state court, or ... undertak[ing] an extensive analysis of state law to determine whether a procedural bar was potentially applicable to the particular case". *Id.* at 264-65.

If the last reviewing state court "clearly and expressly" states that its judgment rests on a state procedural bar, then, "[u]nder the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the state based its rejection of that claim on an adequate and independent state ground". *Martin*, 98 F.3d at 847 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). If the state court decision is based on an independent and adequate state ground, then a federal habeas court is barred from considering the claim, unless the petitioner can show both cause for the default and prejudice. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *see also* MISS. CODE ANN. § 99-39-21(4)-(5) (defining the terms "cause" and "actual prejudice" as used in § 99-39-21(1), quoted *supra*). (An exception to the "cause and prejudice" requirement is that a federal habeas court may entertain a procedurally barred claim if a failure to do so would result in a fundamental miscarriage of justice. *E.g.*, *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992). This exception is extremely narrow and requires establishing a "colorable claim of factual innocence". *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).)

7

In the two-sentence introduction to its opinion in **Bell II,** the Mississippi Supreme Court stated: "This matter is before the Court on appeal from the denial of Charles Sylvester Bell's motion for post-conviction relief by the Circuit Court of Forrest County, Mississippi. *Because Bell knowingly waived his double jeopardy and ex post facto rights, we affirm*". 751 So. 2d at 1036 (emphasis added). Later in the opinion, however, it is unclear which of Bell's claims the court found procedurally barred under MISS. CODE ANN. § 99-39-21. Therefore, a closer examination of **Bell II** is necessary.

Part I of **Bell II** recites the facts and procedural history of the case. Part II discusses *only* Bell's *ex post facto* claim. Part III states:

> Bell *argues that he received ineffective assistance of counsel* when his attorneys advised him to plead guilty to armed robbery, *which Bell contends is barred by the constitutional provisions of double jeopardy*.
>
> *When reviewing claims of ineffective assistance of counsel*, this Court utilizes the standard set forth in **Strickland v. Washington**, 466 U.S. 668 (1990) .... The defendant claiming ineffective assistance of counsel must show, by a preponderance of the evidence, that there is a reasonable probability that had counsel's assistance been effective, he would not have pled guilty, but would have insisted on going to trial. One who claims that counsel was ineffective must overcome the presumption that counsel's performance falls within the range of reasonable professional assistance ....

8

> Bell's claim must be viewed in light of the fact that we clearly have a plea bargain to avoid the death penalty. There is simply no evidence that *this claim*, like the ex post facto claim[,] was not waived in order to avoid a second sentence of death.
>
> Additionally, *this claim was raised in 1984.* It was rejected by the trial court[,] and Bell failed to prosecute his appeal resulting in dismissal. The claim is therefore procedurally barred by MISS. CODE ANN. § 99-39-21.

*Bell* II, 751 So. 2d at 1038 (emphasis added; internal citations and quotations omitted). In the concluding Part IV, the court stated: "We hold the lower court's findings are supported by the record and should be upheld. Accordingly, the judgment of the Forrest County Circuit Court is affirmed." *Id*.

As the above quotation from Part III shows, Bell's double jeopardy claim is only mentioned in connection with whether his counsel's performance was ineffective. Furthermore, the state supreme court discusses only legal principles applicable to an IAC claim. Applicable law pertaining to a double jeopardy claim is not mentioned. In addition, the court states that "this claim", not *claims*, is procedurally barred, without specifying the claim to which it is referring. Given that only legal standards for an IAC claim are discussed, that may be the claim which the court found procedurally barred. Moreover, both the IAC *and* the double jeopardy claim were raised in Bell's 1984 motion to vacate judgment, which was dismissed for lack of prosecution in 1986.

9

Accordingly, there is no "clear and express" statement by the Mississippi Supreme Court that Bell's double jeopardy claim was procedurally barred under MISS. CODE ANN. § 99-39-21. Our holding is consistent with the purpose of the "plain statement" rule – to prevent a federal habeas court from undertaking a detailed review of the state court record to determine whether the procedural default was argued to the state court, or conducting an extensive analysis of state law to determine whether § 99-39-21 was applicable. *See* **Harris**, 489 U.S. at 264-65. Therefore, the district court erred in denying Bell's double jeopardy claim as procedurally barred. Because there is no "clear and express" statement holding Bell's double jeopardy claim procedurally barred, it is unnecessary for us to determine whether § 99-39-21 is an "independent and adequate" state ground that would preclude federal habeas review.

### III.

For the foregoing reasons, the district court's ruling that Bell's double jeopardy claim is procedurally barred is **REVERSED**. This case is **REMANDED** for further proceedings consistent with this opinion.

*REVERSED and REMANDED*

10