IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-60154

CHARLES SYLVESTER BELL

Petitioner-Appellant

V.

MISSISSIPPI DEPARTMENT OF CORRECTIONS; PARCHMAN

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:00-CV-85

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Charles Sylvester Bell petitioned the district court for a writ of habeas corpus, asserting that his Mississippi state court conviction and sentence for armed robbery as an habitual offender are in violation of his Fifth Amendment right to be protected against double jeopardy. Bell challenges the district court's decision denying his petition as procedurally barred. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS AND PROCEEDINGS[1]

In 1977, Bell was convicted in Mississippi state court of the murder of D.C. Haden while engaged in the commission of armed robbery and kidnapping, for which he was sentenced to death.[2] On appeal, his conviction and sentence were upheld.[3]

Bell sought federal habeas relief, challenging his conviction and sentence on numerous grounds. The district court denied the petition. Our court reversed the district court's ruling that the state trial court's sentencing instructions were constitutionally adequate and "direct[ed] the district court to issue the writ of habeas corpus unless the State of Mississippi decide[d] within a reasonable time to conduct a new sentencing proceeding or to impose a sentence less than death."[4] As discussed, infra, Bell was re-sentenced to life imprisonment.

After the death sentence was overturned, Bell was indicted as a habitual offender for the armed robbery of D.C. Haden.[5] In August 1984, Bell pleaded guilty to the charge of armed robbery as a habitual offender and was sentenced to the maximum term of 25 years without benefit of probation or parole. At that same time, as a result of a global plea bargain, the State recommended life imprisonment rather than seeking the death penalty for his capital murder conviction. The trial court accepted the recommendation and sentenced Bell to life imprisonment on that conviction. In addition, Bell had been convicted

---

[1] In discussing the facts and the procedural history of this case, we borrow liberally from a prior panel's unpublished decision in this matter in which it also addressed the question whether Bell's double-jeopardy claim is procedurally barred. Bell v. Miss. Dep't of Corr., 118 F. App'x 874 (5th Cir. 2005).

[2] See MISS. CODE ANN. § 97-3-19(2)(e).

[3] Bell v. State, 360 So. 2d 1206 (Miss. 1978), cert. denied, 440 U.S. 950 (1979).

[4] Bell v. Watkins, 692 F.2d 999, 1014 (5th Cir. 1982), cert. denied, 464 U.S. 843 (1983).

[5] See MISS. CODE ANN. § 99-19-81.

previously of a separate capital murder charge and sentenced to life imprisonment. The life sentence for the murder of D.C. Haden was to run consecutively to the other life sentence, and the 25-year term for the armed robbery was to run consecutively to that second life sentence.

In December 1984, Bell filed a motion in state court to vacate his armed robbery conviction, claiming, inter alia, that it violated the Double Jeopardy Clause of the Fifth Amendment because the armed robbery was a lesser-included offense of capital murder under Miss. Code Ann. § 97-3-19(2)(e) and a necessary element to his conviction. The motion was denied on its merits, and Bell appealed to the Mississippi Supreme Court, which dismissed for lack of prosecution.

Between 1986 and 1995, Bell filed motions and petitions in state and federal court, challenging his armed robbery conviction on various grounds. All were denied. Notably, in October 1988, his habeas petition in federal court was dismissed without prejudice because he had failed to exhaust his state post-conviction remedies. And, in January 1990, Bell filed an appeal in the Mississippi Supreme Court challenging, inter alia, the lower court's dismissal of (1) his petition to clarify his sentence and (2) his motion for out-of-time appeal. In April 1991, the Mississippi Supreme Court affirmed the dismissal of Bell's petition to clarify his sentence as successive writ barred pursuant to Miss. Code Ann. § 99-39-23(6),[6] and it affirmed the dismissal of his motion for out-of-time appeal as time-barred pursuant to Miss. Code Ann. § 99-39-5(2) (Bell I).[7]

---

[6] See MISS. CODE ANN. § 99-39-23(6) ("[A]ny order dismissing the prisoner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.").

[7] See MISS. CODE ANN. § 99-39-5(2) ("A motion for relief under this article shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.").

In May 1995, Bell filed motions in state court for rehearing and to vacate the armed robbery conviction. In February 1996, the court conducted an evidentiary hearing and denied the motion as procedurally barred. Bell appealed to the Mississippi Supreme Court, which held that Bell's conviction for armed robbery as a habitual offender violated the Ex Post Facto Clauses of the United States and Mississippi Constitutions because the habitual offender statute was enacted in 1977, subsequent to Bell's 1976 armed robbery offense (Bell II).[8] The court remanded for the trial court to determine whether Bell knowingly waived his ex post facto rights as part of a plea agreement to avoid the death penalty. The state supreme court declined, however, to rule on Bell's double-jeopardy claim, stating: "This issue is not germane to these proceedings."[9]

On remand, the state trial court found Bell did waive his ex post facto rights as part of the plea agreement by which he was re-sentenced to life for the murder of D.C. Haden. Bell again appealed to the Mississippi Supreme Court, which stated in the two-sentence introduction to its opinion: "Bell knowingly waived his double jeopardy and ex post facto rights,"[10] even though the court, in Bell II, had ruled that the double-jeopardy issue was not germane to the proceedings (Bell III). In the analysis portion of the opinion, the state supreme court ruled that Bell's ineffective assistance of counsel ("IAC") claim was procedurally barred because he had raised it in 1984 in a previous proceeding. The double- jeopardy issue was referenced only in ruling on the IAC claim.

In April 2000, Bell filed the instant habeas petition concerning the armed robbery offense, claiming: (1) a double-jeopardy violation; (2) an ex post facto violation; (3) IAC; and (4) an invalid guilty plea. The magistrate judge's report

---

[8] Bell v. State, 726 So. 2d 93, 94 (Miss. 1998) (Bell II).

[9] Id.

[10] Bell v. State, 751 So. 2d 1035, 1036 (Miss. 1999) (Bell III).

and recommendation recommended that Bell's petition be dismissed because, inter alia, his double-jeopardy claim was procedurally barred. In September 2001, over Bell's written objections, the district court adopted the report and recommendation and dismissed the habeas petition.

In 2005, a prior panel of this court reversed the district court's decision, holding that the Mississippi Supreme Court's decision in Bell III—on which the district court had relied in denying Bell's petition—did not provide a "clear and express" statement that Bell's double-jeopardy claim was procedurally barred.[11] The case was remanded to the district court for further proceedings consistent with the opinion. On remand, that court again held that Bell's petition was procedurally barred. Bell timely filed a notice of appeal, insisting that the district court (1) violated the prior panel's mandate order on remand by reconsidering the procedural bar issue, and (2) erred in denying his petition as procedurally barred.

## II. ANALYSIS

### A. Mandate Order

We review de novo the district court's interpretation of our remand order, including whether the mandate rule precludes any of the district court's actions on remand.[12]

"The mandate rule requires a district court on remand to effect our mandate and to do nothing else. Further, on remand the district court must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court. In implementing the

---

[11] Bell v. Miss. Dep't of Corr., 118 F. App'x 874, 878 (5th Cir. 2005).

[12] Gen. Universal Sys., Inc. v. HAL, Inc., 500 F.3d 444, 453 (5th Cir. 2007).

mandate, the district court must take into account the appellate court's opinion and the circumstances it embraces."[13]

Having reviewed the long and protracted procedural history of this case, we are convinced that the district court violated neither the letter nor the spirit of our mandate when it reconsidered whether Bell's petition was procedurally barred. The prior panel of this court held only that "there is no 'clear and express' statement by the Mississippi Supreme Court [in Bell III] that Bell's double-jeopardy claim was procedurally barred under Miss. Code Ann. § 99-39-21."[14] Because the district court had relied on the state supreme court's purported holding in Bell III when it denied federal habeas review, the prior panel was compelled to reverse that court's decision. In doing so, however, the panel did not address whether Bell's double-jeopardy claim was procedurally barred even in the absence of a clear and express statement in Bell III, nor did it instruct the district court not to reconsider whether Bell's petition was, in fact, procedurally barred in the light of other evidence. Given the limited scope of the prior panel's reversal, and the circumstances surrounding Bell's habeas challenge—especially his almost a quarter century journey through the state and federal court systems—the district court did not violate the prior panel's mandate by reconsidering the procedural bar issue.

B.    Denial of Habeas Review

1.    Applicable Law

We review de novo a district court's denial of federal habeas review based on a state procedural ground.[15]

---

[13] Id. (internal citations and quotation marks omitted).

[14] Bell v. Miss. Dep't of Corr., 118 F. App'x at 878.

[15] Martin v. Maxey, 98 F.3d 844, 847 (5th Cir. 1996).

6

"Under the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the state based its rejection of that claim on an adequate and independent state ground."[16] "In cases where a state court decision 'fairly appears' to rest primarily on federal law, the state must make a 'plain statement' that the state's review of the claim is procedurally barred."[17] In other words, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."[18]

"[I]n order to be 'adequate,' a procedural bar must be 'strictly or regularly' applied by the state to the 'vast majority of similar claims.'"[19] The burden is on the defendant to establish that the state procedural bar rule was not strictly and regularly followed at the time of his appeal.[20] "A state has failed to strictly and regularly apply a procedural rule only when the state 'clearly and unequivocally excuse[s] the procedural default."[21] "Moreover, the state must fail to apply the rule to claims identical or similar to the petitioner's claim. De minimis exceptions will not preclude the state from asserting the procedural default doctrine; an occasional act of grace by a state court in excusing or disregarding a state procedural rule does not render the rule inadequate. "[22]

---

[16] Id. (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

[17] Id. (citing Harris v. Reed, 489 U.S. 255, 261 (1989)).

[18] Harris v. Reed, 489 U.S. 255, 263 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)).

[19] Martin, 98 F.3d at 847 (citing Amos v. Scott, 61 F.3d 333, 339 (5th Cir.), cert. denied, 516 U.S. 1005 (1995)).

[20] Id.

[21] Id. (citing Amos, 61 F.3d at 342).

[22] Id. (quotation marks and citation omitted).

When the state court decision is based on an independent and adequate state ground, a federal habeas court is barred from considering the claim unless the petitioner can show (1) both cause for the default and actual prejudice as a result of the alleged violation, or (2) that failure to consider the claim would result in a fundamental miscarriage of justice.[23] The latter exception is extremely narrow and requires establishing a "colorable claim of factual innocence."[24]

2.    Discussion

This is the second occasion on which we have addressed whether Bell's habeas petition, in which he asserts his double-jeopardy challenge to his armed robbery conviction and sentence, is procedurally barred. As noted, in 2005, a prior panel of this court reversed the lower court's decision denying Bell's petition because that court had erroneously held that the Mississippi Supreme Court in Bell III provided a "clear and express" statement that Bell's double-jeopardy claim was procedurally barred. The State insists that Bell III need not be the final word on whether Bell's double-jeopardy claim was held to be procedurally barred by the Mississippi state courts. Relying on the United States Supreme Court decision in Ylst v. Nunnemaker, the State urges us to look through the last "unexplained" opinion of the state court that addressed Bell's double-jeopardy challenge—Bell III—to the last "reasoned" decision on the issue—Bell I—to determine whether the denial of his claim rested on a state procedural bar.[25]

In Ylst, the Supreme Court considered whether the California Supreme Court's unexplained order denying petitioner's habeas petition on his Miranda

---

[23] See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

[24] Sawyer v. Whitley, 505 U.S. 333, 339 (1992) (citation omitted).

[25] 501 U.S. 797 (1991).

claim constituted a "decision on the merits" of that claim sufficient to lift the procedural bar previously imposed by the California Court of Appeal.[26] In resolving the question, the Ylst Court applied the following presumption: "When there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."[27] Accordingly, when "the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."[28]

Under the precise circumstances of this case, we are persuaded to adopt the State's position. The Mississippi Supreme Court's decision in Bell III is not the last explained state-court judgment on Bell's double-jeopardy claim, as the court did not rule on that particular challenge. Although the state supreme court addressed Bell's IAC claim in Bell III, the court was, as our prior panel held, effectively silent on his double-jeopardy claim, thereby implicitly rejecting it without explanation. Accordingly, we may "look through" that decision to the last reasoned opinion that addressed Bell's instant challenge. In Bell I, the Mississippi Supreme Court summarily dismissed (1) his petition to clarify his sentence on the basis that it was procedurally barred pursuant to the successive writ bar of Miss. Code Ann. § 99-39-23(6) and (2) his motion for out-of-time appeal on the basis that it was procedurally barred pursuant to the time bar of Miss. Code Ann. § 99-39-5(2).[29] Bell's pleadings to the Mississippi Supreme

---

[26] Id. at 801.

[27] Id. at 803.

[28] Id.

[29] Specifically, the Mississippi Supreme Court's final judgment stated as follows: "Lower Court's Dismissal of Petition to Clarify Sentence Affirmed as Successive Writ Barred Pursuant to Miss. Code Ann. Section 99-39-23(6) (Supp. 1990); Lower Court's dismissal of Motion for

Court in Bell I, construed liberally, alleged violations of, inter alia, his right to effective assistance of counsel and his right to be protected from double jeopardy. Unlike the Mississippi Supreme Court's decision in Bell III, in which it clearly and expressly held only that Bell's IAC claim was procedurally barred, its judgment in Bell I unambiguously dismissed as procedurally barred both Bell's petition and his motion in their entireties, which dismissals necessarily included all claims asserted therein, including Bell's double-jeopardy challenge. As the Mississippi state courts did not re-visit Bell's double-jeopardy claim in any proceeding subsequent to Bell I, it remains the last reasoned decision directed at the instant challenge.

Furthermore, the Mississippi Supreme Court's summary dismissal of Bell's petition and motion in Bell I is sufficiently "reasoned" under these circumstances because it was apparent on the face of the record that Bell's claims were procedurally barred. Bell's double-jeopardy challenge was denied on its merits in 1985 by the Mississippi Circuit Court of Forrest County. From this order an appeal was taken to the Mississippi Supreme Court; however, the following year, that court dismissed Bell's appeal for lack of prosecution, which forever foreclosed his entitlement to raise the claim again. The Mississippi Supreme Court recognized in Bell I that his double-jeopardy challenge was plainly subject to procedural bar and expressly provided its reasons for dismissing his petition and motion, albeit in succinct fashion. We hold, therefore, that the Mississippi Supreme Court in Bell I clearly and expressly held that Bell's double-jeopardy claim was procedurally barred.

Moreover, Bell has failed to meet his burden of demonstrating that Miss. Code Ann. §§ 99-39-23(6) and 99-39-5(2) are inadequate procedural bars. We have held previously that each of these rules is an independent and adequate

---

Out-of-Time Appeal Affirmed as Time Barred Pursuant to Miss. Code Ann. Section 99-39-5(2) (Supp. 1990) . . . ."

procedural bar to federal habeas review.[30] And, here, Bell has not shown that the State of Mississippi failed to apply the bars regularly with respect to the vast majority of similar claims during the applicable period. In only one of the cases to which he refers, Fuselier v. State, did the Mississippi Supreme Court decline to impose a procedural bar in factual circumstances similar to those at issue.[31] This case is distinguishable, however, considering that (1) Bell is serving two consecutive life sentences for two separate capital murder offenses, as opposed to only one, (2) he was separately indicted for the crimes of armed robbery as an habitual offender and the murder of D.C. Haden, rather than being charged with both crimes in a single indictment, and (3) the procedural bars at issue here are Miss. Code Ann. §§ 99-39-26(6) and 99-39-5(2), whereas the bar apparently excused in Fuselier was Miss. Code Ann. § 99-39-21(1). Moreover, this court has held that an occasional act of grace in overlooking a state procedural rule does not render the rule inadequate.[32] Finally, none of the other cases that Bell cites involved a claim of double jeopardy, and in none of those cases did the defendant obtain a reversal of a sentence he knowingly, intelligently, and voluntarily assumed to avoid the death penalty.[33]

---

[30] See, e.g., Moawad v. Anderson, 143 F.3d 942, 947 (5th Cir. 1998) (applying § 99-39-23(6) to bar petitioner from raising claim in subsequent state court proceeding for post-conviction relief); Lott v. Hargett, 80 F.3d 161, 164-65 (5th Cir. 1996) (holding that § 99-39-23(6) bars federal habeas review of substantive claims raised by petitioner in successive motion); Sones v. Hargett, 61 F.3d 410, 417-18 (5th Cir. 1995) (holding that § 99-39-5(2) "functions as an independent and adequate procedural bar to review of Sones's ineffective assistance of counsel claim in federal court").

[31] 654 So. 2d 519 (Miss. 1995).

[32] See Martin v. Maxey, 98 F.3d 844, 847 (5th Cir. 1996) (quotation marks and citation omitted).

[33] See id.; Kennedy v. State, 732 So. 2d 184 (Miss. 1999); Stevenson v. State, 674 So. 2d 501 (Miss. 1996); Kennedy v. State, 626 So. 2d 103 (Miss. 1993); Luckett v. State, 582 So. 2d 428 (Miss. 1991); Grubb v. State, 582 So. 2d 428 (Miss. 1991); Smith v. State, 477 So. 2d 191 (Miss. 1985).

As we noted above, federal habeas courts are estopped from reviewing state cases applying an independent and adequate state procedural rule unless the petitioner can demonstrate either (1) cause and actual prejudice or (2) that a fundamental miscarriage of justice would result if the case is not reviewed.[34] Cause requires "something external to the petitioner, something that cannot be fairly attributed to him."[35] Bell is unable to make such a showing. His error came when he failed to prosecute further the appeal of his first post-conviction petition when it was denied by the Mississippi circuit court in 1985. As Bell had no constitutional right to counsel in pursuing post-conviction relief,[36] and as he does not point to any other external factor causing his lapse, his mistake is attributable to him and to him alone. Because Bell has failed to demonstrate cause, we do not consider whether he suffered actual prejudice. Furthermore, we are not persuaded that there will be a "fundamental miscarriage of justice" if Bell's challenge is not heard on its merits. Bell makes no effort in his brief to argue that there would be a fundamental miscarriage of justice if we hold that his habeas petition is procedurally barred, nor do we believe there would be, considering that his double-jeopardy claim arises from a plea agreement that was of such obvious and immense benefit to him.

## III. CONCLUSION

The district court's decision denying Bell's petition for a writ of habeas corpus as procedurally barred is AFFIRMED.

---

[34] See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

[35] Id. at 753.

[36] See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).