# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2009

Charles R. Fulbruge III
Clerk

No. 05-41136
Summary Calendar

JESSIE JONES, III

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-673

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jessie Jones, III, Texas prisoner # 905756, was convicted by a jury of attempted capital murder and was sentenced by the trial court to seventy-five years of imprisonment. The district court denied Jones's 28 U.S.C. § 2254 petition, concluding in relevant part that Jones's assertion that trial counsel rendered ineffective assistance by failing to give Jones proper advice that would have enabled him to make an informed decision whether to have the trial court

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

or the jury assess punishment was procedurally defaulted. Jones contends that this claim, raised for the first time in a supplement to Jones's first state postconviction application, was not procedurally defaulted. Because the Texas Court of Criminal Appeals "denied" Jones's first postconviction application, it did not explicitly rely on a state procedural rule to adjudicate Jones's ineffective assistance claim. *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). Moreover, there is no evidence that Texas courts consistently hold that supplements to a pending first postconviction application are successive, and no rule requires such a dismissal in a noncapital case. *See Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996).

The respondents contend for the first time on appeal that Jones's § 2254 petition is untimely because Jones failed to notify the district court that the Texas Court of Criminal Appeals had ruled on his second state postconviction application before the district court awarded a stay in the federal proceedings so that Jones could exhaust his state remedies through that second application. The respondents alternatively assert that the one-year period continued to run when Jones failed to notify the district court of the Texas Court of Criminal Appeals's ruling within thirty days. Because the respondent has raised these claims for the first time on appeal and Jones did not have notice or an opportunity to respond to this assertion, we decline to exercise any jurisdiction to consider the claim at this time. *See Fisher v. Texas*, 169 F.3d 295, 300–02 (5th Cir. 1999). Consequently, the judgment of the district court is VACATED and the case is REMANDED for further proceedings in light of this ruling.