# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-00191-SCT

*CHARLES SYLVESTER BELL*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/06/96 |
| TRIAL JUDGE: | HON. RICHARD WAYNE McKENZIE |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JO ANN McLEOD |
| DISTRICT ATTORNEY: | GLENN WHITE |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 3/12/98 |
| MOTION FOR REHEARING FILED: | 3/26/98 |
| MANDATE ISSUED: | 6/22/98 |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

¶1. Charles Sylvester Bell appealed pro se to this Court following the February 1996 denial of his motion for post conviction relief by the Circuit Court of Forrest County, Mississippi.

¶2. The appeal presently before us is the latest in a long line of Court proceedings and cases dealing with Charles Sylvester Bell. Mr. Bell is presently serving two consecutive life sentences for separate capital murder convictions and one sentence of twenty-five (25) years as an habitual offender. The known facts of Mr. Bell's life of crime are well documented. *See **Bell v. State***, 353 So.2d 1141 (Miss.1977); ***Bell v. State***, 360 So.2d 1206 (Miss.1978); and ***Bell v. Watkins***, 692 F.2d 999 (5th Cir.1982), *cert. denied*, 464 U.S. 843, 104 S.Ct. 142, 78 L.Ed.2d 134 (1983).

## FACTS

¶3. In March of 1984, Bell was indicted as an habitual offender for unlawfully, willfully and feloniously, with malice aforethought, killing and murdering one D. C. Haden while engaged in the commission of the crimes of armed robbery and kidnapping in violation of Section 97-3-19 (2)(e) of the Mississippi Code of 1972, as amended. The crime occurred on June 22, 1976. Section 99-19-81

of the Mississippi Code of 1972, providing for the sentencing of habitual criminals to maximum terms of imprisonment, was enacted by the 1976 Legislature, effective from and after January 1, 1977.

¶4. Bell's original death sentence was overturned by the Fifth Circuit Court of Appeals in 1982. *See Bell v. Watkins*, 692 F.2d 999 (5th Cir. 1982). Following the overturning of his death sentence, Bell was re-indicted for armed robbery as an habitual offender in July of 1984. He entered a plea of guilty to armed robbery as an habitual offender. The State recommended life imprisonment, rather than the death penalty, for his capital murder conviction. The trial court accepted this recommendation and sentenced Bell to life imprisonment for the capital murder and twenty-five (25) years for the armed robbery. Bell has continuously, over the years, attempted to bring before this Court his contention that the trial court committed reversible error in sentencing him for armed robbery, arguing that this sentence constituted a double jeopardy violation since armed robbery was the underlying felony used to elevate the killing to capital murder. This issue is not germane to the present proceedings. However, our own review of the record indicates that Bell may have a valid claim that the ex post facto provisions of the United States and Mississippi Constitutions bar his sentence for armed robbery as an habitual offender.

## ISSUE

**Whether the ex-post facto provisions of Article 1, Section 10 of the United States Constitution and Article 3, Section 16 of the Mississippi Constitution bar the sentencing of Bell as an habitual offender?**

¶5. The crimes for which Bell was indicted in the present appeal occurred on June 22, 1976. The Mississippi Legislature enacted the "habitual criminal statute," Section 99-19-81 of the Mississippi Code of 1972 in the 1976 session of the legislature, but effective from and after January 1, 1977. Bell was indicted and pled guilty to armed robbery as an habitual offender in 1984. The statute was not in existence at the time Bell committed his offense.

¶6. Article I, Section X of the U.S. Constitution prohibits States from enacting any ex post facto law. Our Constitution likewise, in Article 3, Section 16, states as follows:

Ex post facto laws, or laws impairing the obligation of contracts, shall not be passed.

¶7. In common parlance an ex post facto law is one which creates a new offense or changes the punishment, to the detriment of the accused, after the commission of a crime.

¶8. The United States Supreme Court established the test for determining whether criminal enactments violate ex post facto guarantees in *Collins v. Youngblood*, 497 U.S. 37, (1990). In *Collins*, the U.S. Supreme Court criticized prior jurisprudence which attempted to distinguish between "procedural" changes as opposed to changes affecting "matters of substance". The *Collins* majority dictates that the following questions be answered in determining whether a new law violates ex post facto protections:

1) Does the act punish as a crime an act previously committed, which was innocent when done;

2) Does the act make more burdensome the punishment for a crime, after its commission; or

3) Does the act deprive one charged with crime of any defense available at the time when the act was committed?

*United States v. Brechtel*, 997 F.2d 1108, 1113 (5th Cir. 1993).

¶9. Concisely stated, Bell was indicted with enhanced penalties in 1984, under a 1977 statute, for a crime which occurred in 1976. Thus, the punishment he received as an habitual offender made more burdensome the punishment for his crimes, after commission, thereby violating the ex post facto provisions of our State and Federal Constitutions.

¶10. However, Bell may have waived his *ex post facto* claim to avoid receiving the death penalty. A defendant may knowingly and voluntarily waive an ex post facto claim in plea negotiations. ***Lanier v. State***, 635 So. 2d 813 (Miss. 1994). Bell was initially convicted of capital murder committed during armed robbery and sentenced to death. ***Bell v. State***, 360 So. 2d 1206 (Miss. 1978). The Fifth Circuit reversed and remanded the case concluding that the sentencing procedure used by the jury was "standardless and unchanneled imposition of [the death penalty] in the uncontrolled discretion of a basically uninstructed jury." ***Bell v. Watkins***, 692 F.2d 999, 1011 (5th Cir. 1982), *cert. denied* 464 U.S. 843, 1104 (1983)(*quoting* ***Jordan v. Thigpen,*** 688 F.2d 395, 397 (5th Cir. 1982). The Fifth Circuit noted that on remand Bell could again be exposed to the death penalty. ***Id.*** at 1012.

¶11. Upon remand, Bell was re-indicted for armed robbery as an habitual offender. He entered a plea of guilty and the State recommended life imprisonment, instead of the death penalty, for the murder conviction and twenty-five years for the armed robbery. The trial court accepted the recommendations and found that Bell was, in fact, an habitual offender. The application of the habitual offender statute constitutes an *ex post facto* violation, but we must consider the plea bargain agreement. Bell knew that the State was indicting him as an habitual offender. He was probably also aware that the murder was committed before the enactment of the habitual offender statute. It is therefore highly probable that the State, knowing that Bell had an *ex post facto* claim, agreed not to seek the death penalty in exchange for his guilty plea to armed robbery as an habitual offender. The record is unclear regarding these matters. We therefore remand this matter to the trial court to determine whether Bell knowingly waived his *ex post facto* rights.

¶12. **REVERSED AND REMANDED.**

**PRATHER, C.J., BANKS, ROBERTS AND SMITH, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J. PITTMAN, P.J., AND WALLER, J., NOT PARTICIPATING.**


**McRAE, JUSTICE, DISSENTING:**

¶13. I am compelled to dissent.

¶14. While I agree with the majority that Bell was indicted and punished in violation of the ex post facto provisions of our state and federal constitutions, I do not agree with the remand of this case for a determination of whether Bell waived this claim. The United States and Mississippi Constitutions forbid the enactment of any statute which increases the quantum of punishment for a crime after its

commission. Since the crime for which Bell was indicted occurred before January 1, 1977, the date Miss. Code Ann. § 99-19-81 became effective, the application of the sentencing enhancement statute constitutes an ex post facto law. *See Johnston v. State*, 618 So. 2d 90, 95 (Miss. 1993) (finding violation of Ex Post Facto Clause where enhancement statute for habitual offenders was applied to crime that occurred before statute came into existence). In effect, Bell was charged under a law that was not in existence. As a result, the indictment against him as an habitual offender was null and void. Accordingly, his conviction as an habitual offender should be reversed.

¶15. I also object to the majority's characterizations of what Bell "probably" knew in this case. The majority states that Bell knew that he was being indicted as an habitual offender and that he probably knew that the murder was committed before the enactment of the habitual offender statute. The majority is speculating, for there is nothing in the record to substantiate what the majority claims. We cannot read the mind of the defendant and guess what he allegedly knew at the time of his plea bargain. Further, the majority postulates that the State, knowing that Bell had a valid ex post facto claim, arranged for a guilty plea in exchange for a promise not to seek the death penalty. However, in the same breath, the majority declares, "The record is unclear regarding these matters." If the record is unclear, the majority should simply say so rather than imply that certain assumptions are fact. This Court should be basing its decision only on what is in the record, not on probabilities. Finally, the majority does not provide any instructions as to how the lower court should determine whether or not Bell waived his ex post facto claim.

¶16. It is for these reasons that I dissent.

**SULLIVAN, P.J., JOINS THIS OPINION.**