**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 1998-CP-01128-SCT**

*CHARLES SYLVESTER BELL*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/10/1998 |
| TRIAL JUDGE: | HON. RICHARD W. McKENZIE |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | E. LINDSAY CARTER |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/16/1999 |
| MOTION FOR REHEARING FILED: | 01/04/2000; denied 3/2/2000 |
| MANDATE ISSUED: | 3/9/2000 |

**BEFORE PRATHER, C.J., BANKS AND McRAE, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. This matter is before the Court on appeal from the denial of Charles Sylvester Bell's motion for post-conviction relief by the Circuit Court of Forrest County, Mississippi. Because Bell knowingly waived his double jeopardy and ex post facto rights, we affirm.

**I.**

¶2. Charles Sylvester Bell appealed pro se to this Court following the February 1996 denial of his motion for post-conviction relief by the Circuit Court of Forrest County, Mississippi. Bell is presently serving two consecutive life sentences for separate capital murder convictions and one sentence of twenty-five (25) years as an habitual offender. This is the fourth time this Court has reviewed Bell's case. *Bell v. State*, 726 So. 2d 93 (Miss. 1998); *Bell v. State*, 353 So. 2d 1141 (Miss. 1977); *Bell v. State*, 360 So. 2d 1206 (Miss. 1978); *see also Bell v. Watkins*, 692 F.2d 999 (5th Cir. 1982), *cert. denied subnom. Bell v. Thigpen*, 464 U.S. 843, 104 S.Ct. 142, 78 L.Ed.2d 134 (1983). Now, Bell appeals pro se to this Court following an order entered by the Forrest County Circuit Court denying post-conviction relief.

¶3. In March of 1977, Bell was indicted for capital murder for killing D.C. Haden while engaged in the commission of the crimes of armed robbery and kidnapping in violation of Section 97-3-19(2)(e) of the

Mississippi Code of 1972, as amended. The crime occurred on June 22, 1976. Miss. Code Ann. § 99-19-81(1994) providing for the sentencing of habitual criminals to maximum terms of imprisonment, was enacted by the 1976 Legislature, effective from and after January 1, 1977.

¶4. Bell was convicted of capital murder and sentenced to death. Ultimately, Bell's death sentence was overturned by the United States Court of Appeals for the Fifth Circuit in 1982. *See Bell v. Watkins*, 692 F.2d 999 (5th Cir. 1982). Following the overturning of his death sentence, Bell was re-indicted for armed robbery as an habitual offender in July of 1984. On August 9, 1984, Bell entered a plea of guilty to armed robbery as an habitual offender. The State recommended life imprisonment, rather than the death penalty, for his capital murder conviction. The trial court accepted this recommendation and sentenced Bell to life imprisonment for the capital murder and twenty-five (25) years for the armed robbery. Bell appealed to this Court following the denial of his motion for post-conviction relief by the Circuit Court of Forrest County, Mississippi.

¶5. On March 12, 1998, this Court remanded this case to the circuit court to determine whether Bell knowingly waived his ex post facto rights in the August 9, 1984, plea of guilty. On July 10, 1998, after conducting a hearing on remand, the circuit court held that Bell did knowingly waive his ex post facto rights when he pled guilty to armed robbery as an habitual offender. Bell now appeals that order entered by the Forrest County Circuit Court denying post-conviction relief.

## II.

¶6. We must determine whether the lower court erred in denying to reverse Bell's conviction for the ex post facto violation. This Court in *Bell v. State*, 726 So. 2d 93, 95 (Miss. 1998), remanded this case to the lower court to determine the limited issue of whether Bell knowingly waived his ex post facto rights when he pled guilty to armed robbery as an habitual offender.

¶7. In reviewing a trial court's decision to deny a petition for post-conviction relief, this Court will not reverse absent clear error. *State v. Tokman*, 564 So. 2d 1339, 1341 (Miss. 1990). A defendant may knowingly and voluntarily waive an ex post facto claim in plea negotiations. *Lanier v. State*, 635 So. 2d 813 (Miss. 1994).

¶8. On remand from this Court, the lower court held a hearing, at which it heard testimony from Bell and Glenn White, who was the District Attorney at the time of Bell's plea. Bell stated that he did not know he was waiving his ex post facto rights when he pled guilty. White stated that Bell's plea to armed robbery as an habitual offender was knowingly made and was a part of a plea bargain to avoid a possible death penalty sentence. On remand from this Court, the lower court ruled that Bell had knowingly waived his rights based on the testimony given in the evidentiary hearing and a review of a transcript of the guilty plea. Accordingly, both the guilty plea transcript and the hearing transcript should be reviewed to determine if there is substantial evidence to support the lower court's findings.

¶9. The guilty plea transcript reflects the following information. On March 19, 1985, at the same time Bell pled guilty to the armed robbery as an habitual offender, the trial court was also re-sentencing Bell for his 1976 conviction of capital murder, which was remanded from the United States Court of Appeals. *Bell v. Watkins*, 692 F.2d 999 (5th Cir. 1982). The Fifth Circuit remanded this case to the trial court to conduct a new sentencing proceeding or to impose a sentence less than death. *Id*. The Fifth Circuit noted that on remand Bell could again be exposed to the death penalty. *Id*. at 1012. Then District Attorney Glenn White

had a motion before that court to empanel a jury to determine whether Bell should be sentenced to death or life in prison. White, as a part of the plea bargain for the crime of armed robbery as an habitual offender, asked the court to set aside the State's motion and asked the court to impose a sentence of life under the guidelines as enunciated by the Fifth Circuit. The lower court thoroughly questioned Bell as to his desire to plead guilty to armed robbery as an habitual offender. The court consistently explained to Bell that he was pleading guilty to the crime of armed robbery as an "habitual offender." Although the transcript of that plea proceeding does not reflect that anyone informed Bell of his ex post facto rights in particular, Bell's attorneys, all three of them, asserted that they had informed Bell of all of his constitutional and statutory rights. In concluding that plea proceeding, the court stated as follows:

> By the Court:
>
> In view of the comments and facts in this particular matter and further in view of the fact that this individual has been adjudicated as a Habitual Criminal-and I want to be absolutely certain in my mind, Charles Sylvester Bell- it's already been noted here by your very eminent attorney, Mr. Holliman- are you aware of the fact, sir, that for all intensive [sic] purposes that this means that you will serve the remainder of your natural life in the Penitentiary, are you aware of that?
>
> By Charles Sylvester Bell:
>
> Yes, sir.

We find that the guilty plea transcript supports the lower court's findings.

¶10. At the evidentiary hearing on remand testimony was given by White, represented by Assistant District Attorney Rex Jones, and Bell, who represented himself. White testified that he conferred with Bell's three attorneys about Bell waiving his ex post facto rights. White testified that Bell's attorneys indicated that Bell would waive any and all rights in order to effectuate this particular plea agreement, including his ex post facto rights. White stated that Bell was specifically made aware of the fact that he was being sentenced under the habitual criminal act and would be ineligible for parole.

¶11. We find that the testimony heard by the lower court supports its findings. Bell's attorneys were specifically aware of the ex post facto claims. They stated that they advised him of all of his constitutional rights. The incentive to waive the ex post fact claim, the prospect of a death sentence, was present.

¶12. Accordingly, we find that the lower court's determination that Bell knowingly waived his ex post facto rights was not error and is supported by substantial evidence.

### III.

¶13. Bell argues that he received ineffective assistance of counsel when his attorneys advised him to plead guilty to armed robbery, which Bell contends is barred by the constitutional provisions of double jeopardy.

¶14. When reviewing claims of ineffective assistance of counsel, this Court utilizes the standard set forth in ***Strickland v. Washington***, 466 U.S. 668 (1984). This Court, in ***Schmitt v. State***, 560 So. 2d 148, 154 (Miss. 1990), has held that "before counsel can be deemed to have been ineffective, it must be shown (1) that counsel's performance was deficient and (2) that the defendant was prejudiced by counsel's mistakes." The defendant claiming ineffective assistance of counsel must show, by a preponderance of the evidence,

that there is a reasonable probability that had counsel's assistance been effective, he would not have pled guilty, but would have insisted on going to trial. *Schmitt v. State*, 560 So. 2d at 161. One who claims that counsel was ineffective must overcome the presumption that "counsel's performance falls within the range of reasonable professional assistance." *Id*. at 154. To overcome this presumption, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. (quoting *Strickland*, 466 U.S. at 694).

¶15. Bell's claim must be viewed in light of the fact that we clearly have a plea bargain to avoid the death penalty. There is simply no evidence that this claim, like the ex post facto claim was not waived in order to avoid a second sentence of death.

¶16. Additionally, this claim was raised in 1984. It was rejected by the trial court and Bell failed to prosecute his appeal resulting in dismissal. The claim is therefore procedurally barred by Miss. Code Ann. § 99-39-21 (1994).

## IV.

¶17. We hold that the lower court's findings are supported by the record and should be upheld. Accordingly, the judgment of the Forrest County Circuit Court is affirmed.

¶18. **DENIAL OF POST CONVICTION RELIEF IS AFFIRMED.**

**PRATHER, C.J., SULLIVAN, P.J., McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR. PITTMAN, P.J., NOT PARTICIPATING.**