THOMAS, J.,
for the Court.
¶ 1. Barry Henderson, pro se, appeals an order of the Circuit Court of Harrison County, Mississippi denying his petition for post-conviction relief. Aggrieved, Henderson perfected this appeal, raising the following issue as error:
THE LOWER COURT COMMITTED MANIFEST ERROR IN DENYING HENDERSON’S MOTION FOR POST-CONVICTION RELIEF.
Finding no error, we affirm.
FACTS
¶ 2. On August 18, 1998, Henderson pled guilty to sale of cocaine. The Honorable Robert Walker found Henderson’s guilty plea to be voluntarily, intelligently and knowingly made. Judge Walker then sentenced Henderson as an habitual offender to serve a term of life in the custody of the Mississippi Department of Corrections. On March 18, 1999, Henderson petitioned the lower court for post-conviction relief. The lower court denied this petition.
ANALYSIS
DID THE LOWER COURT COMMIT MANIFEST ERROR IN DENYING HENDERSON’S MOTION FOR POST-CONVICTION RELIEF?
¶ 3. In his petition for post-conviction relief, Henderson claims that he received ineffective assistance of counsel; he was subject to an ex post facto application of law when he was sentenced as an habitual offender; his indictment as an habitual offender was defective and he did not voluntarily and intelligently enter a plea of guilty. We address these assertions accordingly.
*42 ¶ 4. In support of his claim that he was subject to ineffective assistance of counsel, Henderson claims that his attorney was not adequately prepared for trial, did not investigate the indictment and made no objections to the State’s presentation of evidence against him. Henderson’s claim is addressed under a two-part test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and followed by our supreme court in Stringer v. State, 454 So.2d 468, 476 (Miss.1984). A successful completion of this test is paramount to Henderson’s argument. Henderson bears the burden of demonstrating that both prongs have been met. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). Under Strickland and Stringer, Henderson must show that the counsel’s performance was so deficient that it constituted prejudice. Strickland, 466 U.S. at 687, 104 S.Ct. 2052; Stringer, 454 So.2d at 476. The asserting party must also show that “but for his attorney’s errors, there is a reasonable probability that he would have received a different result in the trial court.” Rankin v. State, 636 So.2d 652, 656 (Miss.1994). Additionally, there is a strong but rebuttable presumption that an attorney’s performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). The Strickland test is applied with deference to counsel’s performance, considering the totality of the circumstances to determine whether counsel’s actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996). The test is to be applied to the overall performance of the attorney. Strickland, 466 U.S. at 695, 104 S.Ct. 2052. With respect to the overall performance of the attorney, “counsel’s choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy.” Scott v. State, 742 So.2d 1190 (¶ 14) (Miss.Ct.App.1999); Cole v. State, 666 So.2d 767, 777 (Miss.1995); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984).
¶ 5. With this in mind, we find that Henderson received effective assistance of counsel. Therefore, this assertion is without merit.
¶ 6. Henderson then asserts that his right against ex post facto application of the law was violated. Henderson relies on Bell v. State, 726 So.2d 93 (Miss.1998), as authority supporting this argument. Henderson is mistaken as to the application of Bell. In Bell, the indicted offense was for a crime that was committed before the enactment of the habitual offender statute. Id. The offense for which Henderson was indicted as well as the two convictions used to qualify Henderson as an habitual offender were all committed more than fifteen years after the enactment of the habitual offender statute. We should also note that the Bell court also established that a defendant can waive an ex post facto claim by pleading guilty, as Henderson did. Id.
¶ 7. Next, Henderson argues that his indictment as an habitual offender was defective because he only served eleven months for one of the convictions used to qualify him as an habitual offender. Henderson has mixed up his many convictions. The record is very clear as to which convictions were used to qualify Henderson as an habitual offender. The two convictions used to qualify Henderson as an habitual offender were both for the transfer of cocaine, for which he served at least one year and one day per conviction. Therefore, this assignment of error is without merit.
¶ 8. Henderson also complains that he did not voluntarily and intelligently offer a plea of guilty. A plea of guilty is *43 not binding upon a criminal defendant unless it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). Our supreme court held in Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992), in accord with Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), a plea is “voluntary and intelligent” when the defendant is advised concerning “the nature of the charge against him and the consequences of the plea.” Alexander, 605 So.2d at 1172. Specifically, the defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self incrimination. Boykin, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Further, Rule 8.04 of the Uniform Rules of Circuit and County Court Practice also require that the trial judge determine that the defendant understands the maximum and minimum penalties to which he may be sentenced. URCCC § 8.04. “Trial judges are entitled to place great weight upon a defendant’s initial plea under oath.” Templeton v. State, 725 So.2d 764, 767 (Miss.1998). The record reflects that the lower court advised Henderson as to the nature of the charge against him, the consequences of the plea, and the maximum and minimum penalties to which he might be sentenced.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.