MYERS, J.,
for the Court.
¶ 1. Charles Sylvester Bell, pro se, appeals from an order entered in the Circuit Court of Forrest County, denying his motion for post-conviction relief. Bell raises two issues on appeal: 1) whether he waived his double jeopardy claim by pleading guilty to armed robbery and 2) whether double jeopardy occurred in violation of his constitutional rights when he was re-indicted for the same armed robbery which secured his conviction of capital murder. We conclude that Bell’s motion was a second attempt to gain post-conviction relief that did not fall within any statutory exceptions to the provision that bars subsequent filings once one motion has been decided by the court and was filed beyond the three-year time limit. As such, Bell’s claim is proeedurally barred.
STATEMENT OF FACTS
¶ 2. The pertinent facts of this case are recited in Bell v. State, 751 So.2d 1035 (Miss.1999). This is the fifth time our appellate courts have reviewed Bell’s case. Bell v. State, 751 So.2d 1035 (Miss.1999); Bell v. State, 726 So.2d 93 (Miss.1998); Bell v. State, 353 So.2d 1141 (Miss.1977); Bell v. State, 360 So.2d 1206 (Miss.1978); see also Bell v. Watkins, 692 F.2d 999 (5th Cir.1982), cert. denied snib. nom. Bell v. Thigpen, 464 U.S. 843, 104 S.Ct. 142, 78 L.Ed.2d 134 (1983).
¶ 3. In March of 1977, Bell was indicted for capital murder for the killing of D.C. Haden while in the commission of the crimes of armed robbery and kidnaping in violation of Mississippi Code Annotated Section 97-3-19(2)(e). Bell, 751 So.2d at 1036(¶ 3). Mississippi Code Annotated Section 99-19-81, providing for the sentencing of habitual criminals to maximum *740 terms of imprisonment, was enacted by the 1976 Legislature, effective from and after January 1, 1977. The crimes occurred on June 22,1976.
¶ 4. Bell was convicted of capital murder and sentenced to death. On appeal, Bell’s death sentence was overturned by the United States Court of Appeals for the Fifth Circuit in 1982. See Bell v. Watkins, 692 F.2d 999 (5th Cir.1982). After his death sentence was overturned, Bell was re-indicted for armed robbery as an habitual offender in July of 1984. On August 9, 1984, Bell entered a plea of guilty to armed robbery as an habitual offender. The State recommended life imprisonment rather than the death penalty for Bell’s capital murder conviction. The trial court accepted the State’s recommendation and sentenced Bell to life imprisonment for the capital murder and twenty-five years for the armed robbery.
¶ 5. In February 1996, Bell filed his first motion for post-conviction relief with the Forrest County Circuit Court. In that motion, Bell argued that he had an unconstitutional ex post facto law claim because he was indicted with enhanced penalties in 1984, under a 1977 statute for a crime that occurred in 1976. See Bell v. State, 726 So.2d at 94(¶ 9). The circuit court denied his motion for post-conviction relief and Bell appealed to the supreme court which remanded the case for further proceedings to determine whether Bell knowingly and voluntarily waived his ex post facto claims. Id. at 95 (¶ 11). On remand, the circuit court found that Bell knowingly and voluntarily waived his ex post facto claims. See Bell, 751 So.2d at 1036(¶5). Bell again appealed to the supreme court which affirmed the decision of the lower court to deny Bell’s motion for post-conviction relief. Id. at 1038 (¶ 12).
¶ 6. Bell filed a second motion for post-conviction relief which he titled “Motion to Vacate and Set Aside Conviction and Sentence” based on a double jeopardy claim. Bell asserts that the trial court committed reversible error by sentencing him for armed robbery since that same crime was the underlying felony used to elevate the killing of D.C. Haden to capital murder. Section 99-39-27(9) states: “The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter.” Miss.Code Ann. § 99-39-27(9) (Rev.2000). Hence, Bell’s second motion is procedurally barred unless it fits within an enumerated statutory exception. The statute provides:
Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that has such been introduced at trial it would have caused a different result in the conviction or sentence.
Miss.Code Ann. § 99-39-27(9) (Rev.2000). Bell cites no intervening cases or newly discovered evidence which would except his claim from the procedural bar.
¶ 7. Bell’s motion is also time barred as it does not fall within the three year time limitation. Section 99-39-5(2) states, in part: “a motion for relief under this chapter shall be made within three years after the time in which the prisoner’s direct appeal is ruled upon by the Supreme Court of Mississippi or ... in case of a guilty plea, within three (3) years after entry of the judgment of conviction.” Miss.Code Ann. § 99-39-5(2) (Supp.2002). *741 Bell filed his second motion on December 4, 2001, and his guilty plea was entered on August 9, 1984. Thus, Bell’s second motion for post-conviction relief is time barred as well.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO FORREST COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ„ CONCUR.