CARLTON, J.,
for the Court:
¶ 1. Charles Sylvester Bell appeals the Forrest County Circuit Court’s order summarily dismissing his motion for post-conviction relief (PCR) as time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Supp.2011). On appeal, Bell argues that the trial court erred by: (1) denying his PCR motion as time-barred under section 99-39-5(2); (2) denying his PCR motion in light of an illegal sentence; (3) denying his PCR motion in light of a fundamental constitutional right when it re-indicted him on the same armed-robbery charge, and whether this violated the protection against double jeopardy; (4) denying him relief by re-sentencing him pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007), a statute not in existence when the crime was committed, and whether such sentencing violated public policy; and (5) allowing him to plead guilty to a charge previously used to convict him.
*762 ¶ 2. The record and the law of this case show that Bell was convicted of capital murder and sentenced to death. Following the overturning of Bell’s death sentence for his capital-murder conviction by the United States Court of Appeals for the Fifth Circuit, the State re-indicted Bell for armed robbery as a habitual offender. Bell pled guilty to the offense charged in the new indictment, and the trial court sentenced him to twenty-five years for his armed-robbery conviction. The trial court also sentenced Bell to life imprisonment, rather than the death penalty, for his capital-murder conviction. Bell now, as set forth above, asserts the re-indictment constituted error, and that the trial court erred in allowing him to plead guilty. Finding Bell’s PCR motion to be both time-barred and procedurally barred as a successive writ, we affirm the trial court’s dismissal.
FACTS
¶ 3. In 1977, Bell was indicted for capital murder under Mississippi Code Annotated section 97 — 3—19(2)(e) (Rev.2006) for killing D.C. Haden while engaged in the commission of the crimes of armed robbery and kidnapping. Bell was subsequently convicted of capital murder and sentenced to death. On appeal, the Mississippi Supreme Court upheld his conviction and sentence. See Bell v. State, 360 So.2d 1206,1215 (Miss.1978).
¶ 4. Subsequently, in 1982, the United States Court of Appeals for the Fifth Circuit overturned Bell’s death sentence. See Bell v. Watkins, 692 F.2d 999, 1014 (5th Cir.1982). Following the overturning of his death sentence, Bell was re-indicted for armed robbery as a habitual offender under Mississippi Code Annotated section 99-19-81 in July 1984.[1] Then, in August 1984, Bell pled guilty to the offense in the new indictment of armed robbery as a habitual offender, and he was sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections. At that same time, the trial court sentenced Bell to life imprisonment for the capital-murder conviction. In Bell v. State, 751 So.2d 1035, 1037-38 (¶ 11) (Miss.1999), the Mississippi Supreme Court acknowledged that the record reflected that Bell knowingly and voluntarily pled guilty to armed robbery as a habitual offender to avoid the death penalty. The supreme court explained that the trial court thoroughly questioned Bell about his desire to plead guilty to armed robbery as a habitual offender, and the opinion reflects that Bell had been advised of his statutory and constitutional rights, including his ex post facto rights, and voluntarily waived these rights to avoid receiving the death penalty. Id. at (¶¶ 8-17).
¶ 5. Bell has filed numerous pleadings seeking review of his convictions and sentences through the years. See Bell, 692 F.2d at 999, cert. denied sub. nom. Bell v. Thigpen, 464 U.S. 843, 104 S.Ct. 142, 78 L.Ed.2d 134 (1983); Bell, 751 So.2d at 1035; Bell v. State, 726 So.2d 93 (Miss.1998); Bell v. Watkins, 381 So.2d 118 (Miss.1980); Bell, 360 So.2d at 1206; Bell v. State, 886 So.2d 739 (Miss.Ct.App.2004); Bell v. Miss. Dep’t of Corr., 290 Fed.Appx. 649 (5th Cir.2008); Bell v. Miss. Dep’t of Corr., 118 Fed.Appx. 874 (5th Cir.2005).
¶ 6. Most recently, Bell filed a “Petition for Post[-]Conviction Relief’ on July 19, 2010, and a “Motion to Amend and/or Supplement Pending Post[-]Conviction” on *763 September 10, 2010, which the trial court collectively treated as a PCR motion. On April 5, 2011, the Circuit Court of Forrest County summarily dismissed Bell’s PCR motion as time-barred under section 99-39-5(2).
STANDARD OF REVIEW
¶ 7. This Court employs a well-stated standard of review when reviewing a trial court’s dismissal of a motion for post-conviction relief. “We will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo.” Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004).
DISCUSSION
I. PROCEDURAL BARS
¶ 8. “Under the Uniform Post^Conviction Collateral Relief Act [ (UPCCRA) ], successive motions are generally barred from our review.” White v. State, 59 So.3d 633, 635 (¶ 6) (Miss.Ct.App.2011); see Miss.Code Ann. § 99-39-23(6) (Supp.2011). Additionally, “a three-year limitations period applies to claims for relief under the UPCCRA.” Id. (citing Miss.Code Ann. § 99-39-5(2)).
¶ 9. Upon review, we find that Bell’s present PCR motion constitutes a successive writ because it is at least his fourth PCR motion. He has also alleged in prior PCR motions the same issues asserted in this appeal — violations of the Ex Post Facto and Double Jeopardy Clauses. See Bell, 726 So.2d at 94 (¶ 4); Bell, 751 So.2d at 1036 (¶ 1); Bell,. 886 So.2d at 739 (¶ 1). Further, because he is challenging a 1984 conviction, his PCR motion was filed well outside the three-year statute of limitations.
¶ 10. Accordingly, we must look to see whether an exception to these procedural bars applies. The movant bears the burden of showing he has met a statutory exception. White, 59 So.3d at 635 (¶ 8). Further, as discussed below, we recognize that “[ejrrors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA.” Id. (citation omitted).
II. EXCEPTION FOR INTERVENING DECISIONS
¶ 11. In an attempt to circumvent the procedural bars, Bell argues that the Mississippi Supreme Court’s decision in Rowland v. State, 42 So.3d 503 (Miss.2010), is an intervening decision that, if applied, would cause a different result in his case.
¶ 12. In Rowland, Defendant Robert Rowland and his two codefendants pled guilty to two counts of armed robbery and two counts of capital murder stemming from an incident that occurred in 1979. Id. at 504 (¶1). Rowland filed a PCR motion in 2007, claiming that his convictions and sentences for armed robbery violated his fundamental constitutional rights against double jeopardy, since they were the underlying felonies for the capital-murder convictions. Id. The trial court dismissed Rowland’s petition as time-barred, and this Court affirmed. Id. The Mississippi Supreme Court subsequently granted certiorari and reversed and remanded the case for an evidentiary hearing. Id. In doing so, the supreme court stated: “Errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA. The right to be free from double jeopardy is a fundamental right.” Id. at 508 (¶ 16). This case differs from Rowland, however, in that in Rowland, the record failed to reflect that the defendant had been advised of his constitutional rights, specifically his Fifth *764 Amendment right against double jeopardy. Id. at 508 (¶¶ 15-16). Therefore, the Rowland court remanded the case for an evi-dentiary hearing to determine if Rowland’s plea was voluntary and knowing or made without a waiver of his right against double jeopardy. Id. Bell’s claims differ because Bell, 751 So.2d at 1037-38 (¶¶8-17), shows that the supreme court had already determined that the trial court thoroughly questioned Bell regarding his desire to plead guilty and that his attorneys had advised him of his constitutional and statutory rights, which he waived. The court found that Bell pled guilty to avoid the death penalty. Id.
¶ 13. In this case, Bell again maintains that his guilty plea to armed robbery as a habitual offender constitutes a violation of his ex post facto rights and his double jeopardy rights. Bell also contends that his constitutional claims should be excepted from the procedural bars of the UPCCRA. We agree with Bell that, in accordance with recent supreme court precedent as set forth in Rowland, his constitutional claims are excepted from the procedural bars of the UPCCRA.
¶ 14. However, Bell’s claims must be supported by the evidence in the record. See Chandler v. State, 44 So.3d 442, 444 (¶ 8) (Miss.Ct.App.2010) (“[T]he mere assertion of a constitutional right violation is not sufficient to overcome the time bar. There must at least appear to be some basis for the truth of the claim before the limitation period will be waived.”); see also Miss.Code Ann. § 99-39-11(2) (Supp.2011). In Rowland, the record on appeal failed to show whether Rowland voluntarily waived his right against double jeopardy, and remand of the case for an evidentiary hearing was appropriately ordered. Rowland, 42 So.3d at 508 (¶¶ 15-16). In Bell, 751 So.2d at 1037 (¶ 9), the supreme court found that upon prior remand from the supreme court, the trial court thoroughly questioned Bell as to his desire to plead guilty to armed robbery as a habitual offender. The supreme court further found that the trial court explained to Bell that he was pleading guilty as a habitual offender to the crime of armed robbery, and the court noted that Bell’s attorneys informed him of all of his constitutional and statutory rights. Id. In fact, at the eviden-tiary hearing on remand, then-District Attorney Glenn White “testified that Bell’s attorneys indicated that Bell would waive any and all rights in order to effectuate this particular plea agreement, including his ex post facto rights.” Id. at (¶ 10). In conclusion, after reviewing the record after an evidentiary hearing on remand, the supreme court recognized that Bell voluntarily and knowingly entered his guilty plea to avoid the possibility of receiving the death penalty. Id. at 1037-38 (¶¶ 11-17). Therefore, Rowland does not affect the outcome of Bell’s convictions and sentences. This issue is without merit.
CONCLUSION
¶ 15. We find that none of the statutory exceptions under sections 99-39-5(2) and 99-39-23(6) apply to Bell’s case. We further find that nothing in Bell’s PCR motion excepted it from the procedural bars of sections 99-39-5(2) and 99-39-23(6). We find no abuse of discretion in the trial court’s dismissal of Bell’s PCR motion as time-barred, and we also find that Bell’s PCR motion is barred as a successive writ.
¶ 16. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, *765 RUSSELL AND FAIR, JJ„ CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. Bell's crime occurred on June 22, 1976. Section 99-19-81, which provides for the sentencing of habitual criminals to maximum terms of imprisonment, was enacted by the 1976 Legislature, effective from and after January 1, 1977. Bell v. State, 751 So.2d 1035, 1036 (¶ 3) (Miss.1999).