EN BANC ORDER

This matter comes before the en banc court after granting Charles Sylvester Bell’s petition for certiorari. In 2010, Bell filed his petition for post-conviction relief in the Circuit Court of Forrest County, claiming that his armed robbery conviction violates the Double Jeopardy Clauses of the United States and Mississippi Constitutions because the same armed robbery served as the predicate felony in his capital murder conviction. He also argued that his sentence as a habitual offender violated the constitutional prohibition of ex post facto application of the law.
In 2011, the circuit court dismissed Bell’s petition as time-barred. Bell appealed, and the Mississippi Court of Appeals held that the circuit court erred by dismissing Bell’s petition because this Court’s holding in Rowland v. State excepts his claims from the procedural bars of the UPCCRA.[1] But the Court of Ap *925 peals affirmed the dismissal of Bell’s petition because it found that a previous decision of this Court held that Bell waived his double-jeopardy and ex post facto claims by pleading guilty.[2] We granted certiora-ri.
We find that Rowland indeed excepts Bell’s claims from the procedural bars of the UPCCRA.[3] But we also find that both this Court and the trial court have considered the merits of Bell’s ex post facto claim and have held that he waived that claim.[4] Accordingly, Bell’s ex post facto claim is res judicata.
The Court of Appeals erred in finding that Bell’s guilty plea alone was sufficient to constitute a waiver of double jeopardy.[5] We also find that the trial court has never conducted a hearing on whether Bell made a knowing and intelligent waiver of double jeopardy.
It is therefore ORDERED: that the judgment of the Court of Appeals is affirmed in part and reversed in part, the judgment of the Circuit Court of Forrest County is affirmed in part and reversed in part and this case is remanded to the Circuit Court of Forrest County for an evidentiary hearing on whether Bell made a knowing and intelligent waiver of double-jeopardy. If the trial court finds that Bell did make a knowing and intelligent waiver of double jeopardy, it shall make a legal determination of whether such waivers are constitutionally permissible, and rule on Bell’s petition. On remand, the trial court should consider appointing counsel to represent Bell with respect to these issues. Forrest County shall pay all costs associated with this appeal.
SO ORDERED.
/s/ Jess H. Dickinson
JESS H. DICKINSON, PRESIDING JUSTICE
ALL JUSTICES AGREE.

. Bell v. State, 95 So.3d 760, 764 (Miss.Ct. App.2012) (citing Rowland v. State, 42 So.3d *925 503, 508 (Miss.2010)).

. Id. (citing Bell v. State, 751 So.2d 1035, 1037 (Miss.1999)).

. Rowland, 42 So.3d at 508.

. Bell, 751 So.2d at 1038.

. Willie v. State, 738 So.2d 217, 219 (Miss.1999).