MAXWELL, J.,
for the Court:
¶ 1. Martez Allen filed a post-conviction relief (PCR) motion attacking the revocation of his suspended sentence. The circuit judge summarily dismissed the motion. On appeal, Allen places much em *209 phasis on his belief that he was originally sentenced to a term of post-release supervision. But he was really serving a straight suspended sentence for burglary, which the judge revoked after Allen pled guilty to a new crime — selling marijuana. But no matter the label of the original noncustodial portion of Allen’s sentence, the fact is, he pled guilty to a new drug charge, which is a proper ground for revocation of either type of noncustodial sentence. We thus affirm.
Facts and Procedural History
¶ 2. On September 5, 2001, Allen pled guilty to burglary of a dwelling. He was “sentenced to serve fifteen years” in Mississippi Department of Corrections (MDOC) custody, “with ten years suspended pending [Allen’s] future good behavior.”[1] After five years in prison, Allen was discharged on March 10, 2005.[2]
¶ 3. Upon release from Mississippi custody, Allen began serving a prison sentence in Tennessee. He was later discharged from his Tennessee sentence in 2010 and returned to Mississippi, where he remained under the “good-behavior provision” of the noncustodial suspended portion of his burglary sentence.
¶ 4. On April 12, 2012, Allen was indicted for selling marijuana. As a result, the State filed what it wrongly titled “petition to revoke post-release supervision.” While Allen seizes on this, the petition actually aimed at revoking Allen’s “suspended sentence.” Indeed, the body of the petition notified Allen that the State intended to revoke his “suspended sentence” for burglary — his only current Mississippi sentence. The State asked that Allen be “ordered] ... to serve the entire amount of time imposed in the original sentence in the [MDOC].” And an August 17, 2012 summons directed Allen to appear on August 30, 2012, to answer the “petition to revoke suspended sentence.”[3]
¶ 5. Allen pled guilty to selling marijuana. And at the August 30 hearing, he admitted violating the terms of his suspended sentence by committing this new crime. Having admitted a violation, the circuit court entered an order revoking “post-release supervision/suspended sentence.” And the judge ordered Allen to serve all ten years of his previously suspended burglary sentence.[4]
¶ 6. On April 3, 2013, Allen filed a PCR motion challenging the revocation, which the circuit court summarily dismissed. Allen appeals.
Discussion
¶ 7. “We review the dismissal of a PCR motion under an abuse-of-discretion standard.” Williams v. State, 110 So.3d *210 840, 842 (¶ 11) (Miss.Ct.App.2013). Reversal is proper only “if the circuit court’s decision was clearly erroneous.” Id. “We review questions of law de novo.” Id.
I. No Ex Post Facto Law
¶ 8. Allen suggests that because the statutory creature of post-release supervision did not exist when he was sentenced in 2001, his later revocation violated the prohibition against ex post facto laws. We find Allen is not only wrong about the ex post facto claim, but again, he is also mistaken that he was on post-release supervision.
¶ 9. “An ex post facto law is one which creates a new offense or changes the punishment, to the detriment of the accused, after the commission of a crime.” Gray v. State, 13 So.3d 283, 286 (¶ 7) (Miss.Ct.App.2009) (quoting Bell v. State, 726 So.2d 93, 94 (¶ 7) (Miss.1998)). Article I, Section 10, of the United States Constitution forbids the states from passing such laws. Id. (citing Cal. Dep’t of Corr. v. Morales, 514 U.S. 499, 504,115 S.Ct. 1597, 131 L.Ed.2d 588 (1995)).
¶ 10. While we certainly acknowledge the prohibition against ex post facto laws, Mississippi’s post-release-supervision statute had already existed for almost five years before Allen pled guilty and was sentenced for burglary. The statute became effective after June 30, 1995, and Allen was sentenced on September 5, 2001. See Miss.Code Ann. § 47-7-34(1) (Rev. 2011) (“When a court imposes a sentence upon a conviction for any felony committed after June 30, 1995, the court ... may impose a term of post-release supervision.”).
¶ 11. But the date of this statute’s passage is immaterial, since Allen was serving a suspended sentence, not a post-release-supervision sentence. And there is no doubt the circuit court was authorized to give Allen a suspended sentence. See Miss.Code Ann. § 47-7-33 (Rev. 2011). See also Johnson v. State, 925 So.2d 86, 103 (¶ 32) (Miss.2006) (explaining circuit judges “have the power to suspend, in whole or in part, a convicted felon’s sentence under [Mississippi Code Annotated section 47-7-33]”). This statute has existed since 1956 and was most recently amended in 2000. See 2000 Miss. Laws, Ch. 622, § 2 (effective July 1, 2000). So Allen’s 2001 sentence and later revocation did not violate the prohibition against ex post facto laws.
II. No Expired Sentence
¶ 12. Allen next argues the suspended portion of his sentence was illegally revoked because it expired on September 1, 2006. But we find his time calculations are again askew. Under the September 5, 2001 sentencing order, Allen had to serve “fifteen years” in MDOC custody, “with ten years suspended pending [Allen’s] future good behavior.”[5]
¶ 13. This case involves a split sentence. Allen had to serve five of the fifteen years in MDOC custody, which he did. He was released from MDOC custody on March 10, 2005. After serving these five years, Allen’s ten-year suspended sentence would have ordinarily started. But there is a slight twist here since Allen had to serve a Tennessee prison sentence immediately after being released from MDOC custody.
¶ 14. During the revocation hearing, the circuit judge explained to Allen that his “suspended time in any circumstance would not have been running until such time as he was in fact released” from prison in Tennessee. The judge was cor *211 rect that when a defendant is serving time in another state, his or her Mississippi sentence is tolled. See Ellis v. State, 748 So.2d 130,133 (¶ 8) (Miss.1999).
¶ 15. So Allen’s ten-year suspended Mississippi burglary sentence only began running upon his release from Tennessee custody in 2010. Thus, Allen’s sentence had not expired when the circuit court revoked his suspended sentence in 2012.
III. Prison Time Does Not Run Concurrently with Suspended Time
¶ 16. Allen also appears to argue his noncustodial ten-year suspended portion of his fifteen-year sentence ran at the same time as the initial five-year custodial part. This is not so. “A suspended sentence is one that is given formally but not actually served. The defendant is not required, at the time the sentence is imposed, to actually serve the sentence. This suspension is contingent upon the good behavior of the defendant.” Johnson, 925 So.2d at 93 (¶ 12) (quoting Carter v. State, 754 So.2d 1207, 1210-11 (Miss. 2000) (Mills, J., dissenting)). Because these ten years were “suspended” pending good behavior, they did not run and were not revocable until after Allen served his five-year custodial sentence.
¶ 17. We affirm.
¶ 18. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ„ CONCUR.

. This sentence was ordered to run concurrently with his sentences for two other burglaries, and he was given credit for 120 days already served while awaiting trial.

. The discharge certificate indicated MDOC was remanding Allen "to the supervision of the Mississippi Probation and Parole Board to complete the suspended portion of this sentence under the jurisdiction of the [circuit court].” Technically, this was incorrect on MDOC’s part since the circuit judge had not ordered a supervised probationary sentence. So MDOC should not have remanded Allen to the supervision of the Mississippi Probation Board. But this glitch is immaterial at this procedural posture in Allen's case, because he committed a new crime during the suspended portion of his sentence.

. Allen argues that he was denied due process because he was not given notice of the revocation hearing. But the summons in the record shows Allen was served by the sheriff on August 17, 2012. So Allen was not denied due process for lack of notice.

. The court also imposed three years of post-release supervision for his drug-sale conviction, to run consecutively to the ten years of revoked time. And he was given credit for twenty-one days served while awaiting a hearing.

. At the sentencing hearing, the circuit court explained that the sentence was "fifteen years in MDOC, ten suspended, five to serve.”