COLEMAN, Justice,
concurring in part and in result:
¶ 87. I am at a loss. Today’s majority opinion, in which I concur in part and in result, holds that the doctrine of res judi-cata bars Crawford’s claim of ineffective assistance of trial counsel and his claim of ineffective assistance of post-conviction relief counsel. (Maj. Op. at ¶¶ 27, 33, 35, 62). The Supreme Court of Mississippi repeatedly and firmly has held that procedural bars in general, and res judicata specifically, do not apply to post-conviction claims of violations of fundamental rights. Our treatment of the time-honored procedural protections of the finality of judgments in criminal eases has reached the point that, apparently, not even the Supreme Court can apply them consistently—or, as the case may be, not apply them. Are we, as our eases hold, not to apply procedural bars to possible violations of fundamental rights? Do we apply them only in some cases? If we are to apply them only to some cases, then which cases?
¶ 88. Leaving aside the majority’s application of res judicata to Crawford’s claim that his Fifth Amendment protection against self-incrimination has been violated (Maj. Op. at II75)—and surely the right against self-incrimination is a fundamental one—no less than four times the majority writes that the doctrine applies to Crawford’s claims of ineffective assistance of counsel. (Maj. Op. at ¶¶27, 33, 35, 62). The application of the doctrine to the claims of ineffective assistance of counsel might be understood if effective assistance of counsel were not a fundamental right, but it is. Scott v. State, 190 So.2d 875, 876 (Miss.1966) (“This fundamental right, to have the assistance of counsel for his de *1166 fense guaranteed to the defendant by the Sixth and Fourteenth Amendments to the Constitution of the United States, was not granted the defendant”).
¶ 89. The Court has held—several times—that when a petitioner seeking post-conviction relief puts a fundamental right at issue, Mississippi courts will not apply various procedural bars that might otherwise foreclose any relief. See, e.g., Rowland v. State, 98 So.3d 1032, 1036 (¶ 6) (Miss.2012) (noting that, as to several fundamental rights, including the protection against double jeopardy, illegal sentencing, and denial of due process at sentencing, the procedural bars found in Mississippi’s Uniform Post-Conviction Collateral Relief Act will not apply) (citing, inter alia, Rowland v. State, 42 So.3d 503, 508 (Miss. 2010); Ivy v. State, 731 So.2d 601, 603 (Miss.1999); Kennedy v. State, 732 So.2d 184, 186-87 (Miss.1999); Grubb v. State, 584 So.2d 786, 789 (Miss.1991); Smith v. State, 477 So.2d 191, 195 (Miss.1985)).
¶ 90. I wholly agree with the majority that, normally, the doctrine of res judicata would apply to bar the claims to which the majority would apply it. Little v. V. & G Welding Supply, Inc., 704 So.2d 1336, 1337-1338 (¶ 8) (Miss.1997) (“Res judicata bars all issues that might have been (or could have been) raised and decided in the initial suit, plus all issues that were actually decided in the first cause of action.”) (citing Estate of Anderson v. Deposit Guaranty Nat’l Bank, 674 So.2d 1254, 1256 (Miss.1996)). As I wrote in my dissent in Smith v. State, 149 So.3d 1027 (Miss.2014), the law establishes that res judicata is a substantive bar, based on the merits of an action, rather than a procedural one. Id. at 1035-1038 (¶¶ 22-30) (Coleman, J., dissenting). However, currently our application of res judicta and other bars in post-conviction relief matters, procedural or otherwise, is not normal. My position in Smith was a dissent, and five justices joined the majority. If the Court is to apply the law it has announced in Smith consistently, then res judicata cannot bar Crawford’s claims of ineffective assistance of counsel.
¶ 91. In Smith, the defendant, Donald Keith Smith, pleaded guilty to kidnapping, armed carjacking, and felony fleeing. Smith, 149 So.3d at 1030 (¶ 3). However, before he pleaded guilty, the trial court entered an order of continuance directing that the defendant would undergo a psychiatric evaluation before trial. Id. at 1029-1030 (¶ 2). The trial court, however, failed to hold a competency hearing before accepting Smith’s guilty plea, as mandated by Uniform Rule of Circuit and County Court Practice 9.06. Id. at 1030 (¶ 3). At issue in Smith was whether Smith should be allowed to proceed in the trial court on a petition for post-conviction relief on the grounds of the trial court’s failure to hold a competency hearing. Id. at 1032-1033 (¶ 14).
¶ 92. The petition at issue in Smith was Smith’s second petition for post-conviction relief. Smith, 149 So.3d at 1030 (¶4). The Smith Court held that the right not to be convicted while incompetent was a fundamental right and, therefore, not subject to the procedural bars. Id. at 1031 (¶ 8). In holding the right to be fundamental, the Smith Court quoted Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), wherein the Supreme Court of the United States wrote, “the prohibition [against trying or convicting an incompetent defendant] is fundamental to an adversary system of justice.” Drope, 420 U.S. at 172, 95 S.Ct. 896.
¶ 93. As noted above, the Scott Court labeled the right to competent counsel a fundamental one. Claims involving rights deemed to be fundamental are not subject to the procedural bars, including res judi- *1167 cata,. pursuant to Smith, as well as, inter alia, Rowland v. State, 98 So.3d 1032, 1036 (¶ 6) (Miss.2012) (noting that, as to several fundamental rights, including the protections against double jeopardy, illegal sentencing, and denial of due process at sentencing, the procedural bars found in Mississippi’s Uniform Pos1>-Conviction Collateral Relief Act will not apply) (citing, inter alia, Rowland v. State, 42 So.3d 503, 508 (Miss.2010); Ivy v. State, 731 So.2d 601, 603 (Miss.1999); Kennedy v. State, 732 So.2d 184, 186-87 (Miss.1999); Grubb v. State, 584 So.2d 786, 789 (Miss.1991); Smith v. State, 477 So.2d 191, 195 (Miss.1985)). Although I disagreed with Smith, unless it is overruled, it and the myriad other cases that also hold that claims of violations of fundamental rights will not be subject to the procedural bars should be applied consistently.
¶ 94. Sadly, our application of the fundamental-rights exception has been anything but consistent. Certainly, we have applied it to allow petitioners to proceed despite presenting claims that otherwise would have been barred. See, inter alia, Chapman v. State, 167 So.3d 1170 (Miss. 2015); Sims v. State, 134 So.3d 300, 302-303 (¶ 6) (Miss.2014). On the other hand, there have been cases where we have ruled that claims of violations of fundamental rights were procedurally barred. In Moffett v. State, 156 So.3d 835 (Miss.2014), the Court held that the petitioner’s claim of ineffective assistance of counsel was barred by res judicata. Id. at 866 (¶ 84). In Rice v. State, 134 So.3d 292 (Miss.2014), we held that a petitioner’s claim of a biased trial judge was procedurally barred due to the failure of the petitioner to file a motion to recuse at trial.[13] Id. at 299 (¶6). In a published order in Bell v. State, 123 So.3d 924 (Miss.2013), the Court in the same paragraph found both that the petitioner’s claims were excepted from the procedural bars under Rowland and ruled his claims were barred by res judicata. Bell, 123 So.3d at 925. In Jones v. State, 119 So.3d 323 (Miss. 2013), we affirmed the Court of Appeals’ holding that the petitioner’s claim that he lacked the mental competency to plead guilty was time-barred and barred by 'res judicata. Id. at 326 (¶¶ 7, 9). '
¶ 95. All of the above-cited examples of the Court applying the procedural bars to a claim that a fundamental right has been violated predate Smith, which was handed down on October 30, 2014, so perhaps one could argue that Smith expanded the list of fundamental rights beyond that recognized by either Rowland Court. One would be hard-pressed to do so, given the number of cases, cited above, that predate Smith in which the Court acknowledged the fundamental-rights exception to the application of the procedural bars, but it is a possibility. However, a look at the Court’s orders issued on petitions for leave to proceed in the trial courts reveals that we continue to apply procedural bars to dismiss or deny claims for post-conviction *1168 relief, even if based on claimed violations of fundamental rights. In Neal v. State, a panel of the Court dismissed as time-barred the petitioner’s claim that his right to a trial by jury had been violated. Neal v. State, 2016-M-00705 (Miss. June 22, 2016). In Morris v. State, the Court entered an order dismissing as procedurally barred an application for leave to proceed in the trial court that included allegations of an illegal sentence and ineffective assistance of counsel. Morris v. State, 2015-M-01817 (Miss. June 15, 2016). In Wilson v. State, the Court dismissed as procedurally barred a petitioner’s claim of a Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), violation and a claim of an illegal search and seizure. Wilson v. State, 2016-M-00450 (Miss. May 25, 2016). In Bosarge v. State, the Court dismissed as barred by res judicata and as a successive writ a claim by the petitioner that he received ineffective assistance of counsel. Bosarge v. State, 2011-M-01304 (Miss. July 21, 2016). The above list of orders, in which fundamental-rights claims were dismissed or denied as procedurally barred, was compiled by surveying orders handed down by the Court in May and June of 2016 alone.
¶ 96. As shown above, the Court has continued to dismiss or deny as procedurally barred claims of fundamental-rights violations after Smith. Based on my review of our dispositions of such claims, I cannot escape the impression that, at best, our application of the procedural bars to claims of fundamental-rights violations is inconsistent. At worst, it is random. Smith establishes that res judicata and the other procedural bars cannot apply to fundamental-rights claims, such as the claims of ineffective assistance of counsel made by Crawford. To the extent that the majority employs res judicata to bar Crawford’s claims, I dissent. However, as the conduct that lies at the heart of Crawford’s ineffective assistance of counsel claim—the failure of PCR counsel to investigate—appears to have been caused not by counsel but by court orders, I concur in the result.
DICKINSON, P.J., AND KITCHENS, J., JOIN THIS OPINION IN PART.

. See, e.g.; Withrow v. Larkin, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975) (not only is biased decisionmaker constitutionally unacceptable, but legal system tries to prevent even probability of unfairness); Tumey v. Ohio, 273 U.S. 510, 523, 47 S.Ct. 437, 71 L.Ed. 749 (1927) (criminal defendant denied due process if judge has "direct, personal, substantial, pecuniary interest” in reaching conclusion against him); Anderson v. Warden, 696 F.2d 296, 299 (4th Cir.1982), cert. denied, 462 U.S. 1111, 103 S.Ct. 2463, 77 L.Ed.2d 1340 (1983) (en banc) (defendant’s Fourteenth Amendment due-process right to- fair trial "minimally means a fair and impartial judge and jury”); United States v. Cassiagnol, 420 F.2d 868, 878 (4th Cir.1970), cert. denied, 397 U.S. 1044, 90 S.Ct. 1364, 25 L.Ed.2d 654 (1970) (one of the fundamental rights of the accused is a fair trial by an impartial tribunal).